| 87 | 51 |
|----|----|
| 124 | 80 |
| 87 | 51 |
| 156 | 316 |

------

WILLIAM MATHISON et al.

*v.*

DAVID WILSON.

1. SPECIFIC PERFORMANCE—*when offer to pay sufficient.* Where the purchaser of land, under a contract for a deed, offers to pay the last of the purchase money when due, and insists on a deed, and the offer is declined by the vendor, on the ground of there being an incumbrance on the land, so that he can not

give such a title as he agreed to, this will be sufficient to show a readiness and willingness of the purchaser to perform his part of the contract. In such case a formal tender is not necessary before filing bill for specific performance.

2. SAME—*contract not changed by unexecuted verbal agreement.* Where, under a verbal agreement for the execution of a new bond for a deed by the vendor of land, and of new notes for the unpaid price by the purchaser, of like tenor with the original ones, except as to time of performance, the old notes and bond were surrendered, but the vendor refused to carry out the verbal agreement or to give a bond for a deed, there being no rescission, in fact, of the written contract, it was *held,* that the old agreement remained in force, unaffected by the unexecuted verbal contract, and might be specifically enforced.

3. SAME—*not against wife of vendor, where she is not a party to contract.* It is erroneous, in decreeing the specific performance of a contract for the conveyance of land, to require the wife of the vendor to unite in the conveyance, and, on her failure, for the master to convey her interest in the land, where she has not signed the agreement with her husband, or otherwise contracted to convey any interest she might have in the premises.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. MUNN & MUNN, for the appellants.

Messrs. HALEY & O'DONNELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was for the specific performance of a contract in writing, by which William Mathison agreed, on the payment of the purchase money, to convey to David Wilson, by general warranty deed, the tract of land which is the subject of this litigation. The original agreement is in evidence, and of course there can be no disagreement as to its terms. The misunderstanding is as to what subsequently took place between the parties. While there is a decided conflict in the evidence, the clear preponderance is, that, at about the time the purchase money became due under the original agreement, complainant offered to pay it, and insisted upon having a deed according to the contract, but defendant declined to receive the money and make the deed, alleging, as a reason, the prop-

erty was incumbered by a mortgage, and that he could not give him such a deed as he was obligated to do. It is true, complainant made no formal tender of the purchase money, but it is shown he had the money with him, and offered it to defendant if he would make him a deed for the property, and, as the offer was declined, that was all he was bound to do to show himself ready and willing to perform his contract.

On account of the incumbrance on the property, which defendant alleged prevented him from making complainant a deed at that time, it was agreed, according to complainant's version of the transaction, that defendant should make a new bond for a deed, to be executed at a future day, and, for that purpose, the old bond was surrendered, as was also the note given for the purchase money, with the distinct understanding new ones, of like tenor, only differing as to dates, should be executed. It is proven by a disinterested witness that defendant had such papers prepared, but he never executed the bond, nor was any new note given for the purchase money. Afterwards, defendant declined altogether to make any new papers evidencing the verbal agreement between them for a new contract. There was no rescission of the old contract, and, as there was no new agreement executed by which the time of payment was postponed, it follows, the old agreement remained in force, unaffected by the verbal contract, and the court rightfully decreed a specific performance of the original contract, as to William Mathison.

But we do not understand how the decree can be maintained as to Jane Mathison, wife of the principal defendant. She never signed the original agreement for the conveyance of the land, nor is there any evidence of any contract on her part to convey whatever interest she may have in the premises that is binding upon her or valid in law. As the decree of the court directed the master in chancery to convey her interest in the land, in case she failed to do it by a day fixed, it was erroneous in that respect.

The decree will be reversed, and the cause remanded, with

the privilege to complainant, if he chooses to do so, to take a decree for a deed to the lands, on the same terms as in the former decree against William Mathison, but not against his wife, who is not shown to have been a party to any agreement for the conveyance of the land.

*Decree reversed.*