## J. W. Dulin *et al.*

### *v.*

### Ezra M. Prince.

*Filed at Springfield March 28, 1888.*

1. Contract—*to procure homestead right—construed, as to character of right intended.* One party to a written contract agreed to procure for the other "a good right to the north-east quarter of section 26, town 13, range 23, in Trego county, Kansas, as a homestead." The proof showed that the parties had in view government lands, and that the right of homestead in contemplation was that secured by the United States laws to set-

-tlers: *Held*, that the covenant was only to procure for the covenantee the right to become an occupant of the tract as the claimant of a homestead, .and not to procure the title.

2. SPECIFIC PERFORMANCE—*refusal to perform, rendering an offer to perform by the other party a useless act.* A agreed in writing to convey to B twenty acres of land in this State, in consideration that the latter should procure for the former a good right to a certain quarter section of land in the State of Kansas, as a homestead, under the United States law. A wholly abandoned the contract and refused to perform it before the date at which B was required to or could have procured the homestead right: *Held,* on bill by B for a specific performance of the contract to convey the twenty acres, that no tender of the homestead right was necessary to the relief sought.

3. And in such case, the fact that the homestead right was forever lost through the non-compliance of A with the contract, and had ceased to exist, furnished no ground for the court to refuse to decree a specific performance of the contract by A.

4. PRACTICE—*time to object—for variance.* An objection that there is a variance between the allegations in a bill and the proofs, comes too late on appeal or writ of error. It should be made in the trial court before the case passes beyond its control.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & BEAVER, for the plaintiffs in error:

Prince was never in a condition to comply with his part of the agreement, nor was there any time when the Dulins could have compelled specific performance of him. *Sutherland* v. *Parkins,* 75 Ill. 339.

Prince never put himself in a position to demand a conveyance. (*Cronk* v. *Trumble,* 66 Ill. 428.) It is not only necessary that a party asking to enforce a contract for the purchase of a tract of land should make a tender of the purchase money, but he must bring the money into court and deposit it with the clerk. *Doyle* v. *Teas,* 4 Scam. 202; *Wright* v. *McNeely,* 11 Ill. 241; *DeWolf* v. *Long,* 2 Gilm. 679.

In this case they do not bring into court any right to the Kansas homestead whatever. We ask defendant in error, and

we ask the court, what has Mrs. Dulin got for her land that it is sought to divest her of in this proceeding?

This is not a case in which a court will enforce a specific performance. Defendant in error was not in a condition to come into a court of equity and ask for a specific performance. *Bates* v. *Wheeler*, 1 Scam. 54; *Doyle* v. *Teas*, 4 id. 202; *Frisby* v. *Ballance*, id. 287; *Johnson* v. *Dodge*, 17 Ill. 433; *Lear* v. *Chouteau*, 23 id. 39; *Kimball* v. *Tooke*, 70 id. 553; *Temple* v. *Johnson*, 71 id. 13.

It is manifestly true, Mrs. Dulin gets nothing for her land, and that the decree should be reversed and the bill dismissed.


·Mr. EZRA M. PRINCE, *pro se:*

On May 10, 1886, Henderson filed a claim to the land as a homestead. This was a valuable right, that in time would grow into an absolute title. *Switzer* v. *Skiles*, 3 Gilm. 529.

By Henderson relinquishing his right to the land, it would be open to entry by the next applicant,—so that it was necessary for Dulin to be present at the relinquishment. U. S. Stat. 1880, chap. 89, sec. 1.

If there was a variance between the bill and the proof, it should have been objected to in the trial court, or it will be too late. *Lyman* v. *Gedney*, 114 Ill. 390; *Ladd* v. *Pigott*, 114 id. 652; *Horne* v. *Walton*, 117 id. 131; *City of Elgin* v. *Kimball*, 90 id. 356; *City of Mattoon* v. *Fallin*, 113 id. 249.

Complainant in error, after neglecting to be at Wakeeny at the time the transfer of filings was to have been made, and could have been made, and after an unqualified refusal to accept a release of the claim at Joplin, while the land was yet clear and could have been filed on, now comes and objects the release was not formally filed in court. It is now too late to make that objection, "for when a purchaser announces his intention to the vendor not to comply with his contract before bill for specific performance is filed against him, no tender of

a deed will be necessary." *Lyman* v. *Gedney*, 114 Ill. 390; *Towner* v. *Ticknor*, 112 id. 217; *Mathison* v. *Wilson*, 87 id. 51.

They further urge, that the decree did not give them the homestead right that they contracted for, and had had abundant opportunity to file upon, and might now be enjoying, had they not so willfully refused. There are some cases where a court will justly refuse the specific performance of a legal contract, but we are told "it is as much a matter of course for courts of equity to grant specific performance of a contract for the conveyance of land, when it is valid and unobjectionable in any of its features which address themselves to the judicial discretion of the chancellor, as it is for courts of law to award damage for a breach of a like contract." *McClure* v. *Otrich*, 118 Ill. 320; *Cohn* v. *Mitchell*, 115 id. 124; *Towner* v. *Ticknor*, 112 id. 217.

Mr. Justice Scholfield delivered the opinion of the Court:

This writ brings before us the record of a decree of the circuit court of McLean county, directing the specific performance of a contract for the conveyance of a twenty-acre tract of land therein described. The contract was reduced to writing, and the consideration for the conveyance of the twenty-acre tract was, that "said Prince agrees to procure for said Dulin a good right to the north-east quarter of section 26, township 13, range 23, in Trego county, Kansas, as a homestead." It is contended, on behalf of plaintiffs in error, that the defendant in error never was in a condition to comply with his part of the contract, because he never had title to the land, and never had any right of homestead in himself.

The evidence shows that the parties, when they made this contract, had in view government lands, and that the right of homestead in contemplation was that secured by the United States statute to settlers, as a means of becoming owners. In that light we think the covenant was only to procure for plain-

tiffs in error the right to become occupants of the particular tract, as claimants of a homestead. It was not necessary that the defendant in error should have made any formal tender of performance, because the evidence clearly shows that plaintiffs in error wholly abandoned the contract and refused to perform it before the date at which defendant in error was required to or could have procured for plaintiffs in error the stipulated right. *Mathison* v. *Wilson,* 87 Ill. 51; *Towner* v. *Tickner,* 112 id. 217; *Lyman* v. *Gedney,* 114 id. 390.

But it is objected that plaintiffs in error are not awarded the homestead right by this decree. That was impossible, since it is shown by the evidence that by reason of their non-compliance with the contract the right is wholly lost. When the decree was rendered the right had ceased to exist in the defendant in error, through no fault of his.

It is finally objected, that there is a variance between the allegations and the proofs, in this: It is alleged in the bill that the defendant in error had fully performed all the covenants and agreements, but the proofs only show a waiver of performance by the plaintiffs in error. This objection comes too late. It should have been made in the lower court, before the case had passed beyond its control. *Muttoon* v. *Fallin,* 113 Ill. 249.

We perceive no sufficient reason for disturbing the decree. It is therefore affirmed.

*Decree affirmed.*

Mr. JUSTICE SCOTT: I do not concur in this opinion.