### HELEN M. MIX *et al.*

*v.*

### HENRY H. BALDWIN.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*suppression of depositions—discretion of trial court not reviewed.* The exercise of the legal discretion of the trial court in overruling a motion to suppress depositions taken after the time fixed by the court, will not be reviewed on appeal, in the absence of an abuse of discretion.

2. SAME—*failure to dismiss bill after disclaimer not reversible error.* Failure to dismiss a bill for specific performance of a contract to convey land, as to a trustee who had conveyed his interest to the *cestui que trust* before the filing of the bill, upon his filing a disclaimer, is not reversible error, where the final decree required nothing of such trustee.

3. Same—*evidence of payments upon other contracts not reversible error.* In an action for specific performance of a contract for the convey-ance of land, the admission of evidence of payments made by the plaintiff upon other contracts with the same parties for other lands, for the purpose of showing that different payments were made and accepted in payment· for the lot in question, is not re-versible error.

4. Decrees—*of specific performance against one not a party, erroneous.* A decree for a specific performance of a contract to convey land cannot require the husband of the owner to join in a conveyance of the premises or impose upon him the costs of suit, where he was not a party to the contract.

Appeal from the Circuit Court of Kankakee county; the Hon. C. R. Starr, Judge, presiding.

Stephen R. Moore, for appellants.

O. G. Bartlett, for appellee.

Mr. Chief Justice Wilkin delivered the opinion of the court:

This was a bill brought by appellee, against appel-lants, to compel the specific performance of a contract for the conveyance of lot 2, in block 63, in Momence, executed by H. C. Todd, as trustee of Helen M. Mix, by James Mix, his attorney in fact, on the 26th day of Jan-uary, 1876. By the terms of the contract, as alleged in the bill, the complainant agreed to pay the sum of $400 for the lot, in four payments of $100 each, with ten per cent interest, and the taxes on the premises, upon which the premises were to be conveyed to him. The bill alleges a compliance with the terms of the contract on complain-ant's part, and a refusal by the defendants to convey. The defendants answered, admitting the execution of the contract, and that H. C. Todd had, before the bill was filed, conveyed the title to the lot to his *cestui que trust,* Helen M. Mix, and has no interest in the contract or subject matter of the suit, and asked that the action be dismissed as to him; also, setting up that James Mix has no interest in the contract or the subject matter of the

suit, and asking that the same be dismissed as to him. The answer further averred that Helen M. Mix held the legal title to the premises, and admitted that when she took the same from her trustee she did so with a full knowledge of the rights of complainant, but denied that appellee had paid the amount due on said contract. Replication being filed, the cause was referred to the master to take the evidence, and upon his report the court found the material allegations of the bill true, and decreed that Helen M. Mix and James Mix should, within ten days, deed the premises to the complainant, and also that Helen M. Mix and James Mix pay the costs. This appeal is from that decree.

On September 20, 1887, when the circuit court referred the cause to the master, an order was entered for a rule on the complainant to close his proofs by November 15, 1887. This order he failed to comply with, and on December 14, 1891, the defendants obtained a second rule on him to close his proofs by February 16, 1892. Some of the depositions were taken after the time fixed by the court, and the defendants moved to suppress them for that reason, but the motion was overruled. This action of the court is assigned for error. Whether or not the motion should be sustained was within the legal discretion of the court, and there is nothing here to show an abuse of that discretion. On the contrary, the record discloses the fact that the defendants' attorney requested the attorney for the complainant to postpone the taking of evidence, with a view to a settlement of the case. The motion was properly overruled.

The controlling question in the case is, whether or not the complainant had paid for the property at the time he filed his bill. While the evidence is conflicting, we think the court below properly found that fact in favor of the complainant. Its finding in that regard will not be disturbed.

It appears from the record that appellee had, prior to his contract for the purchase of the premises in controversy, made an agreement with the same parties for other real estate, on which there was a balance due. The court admitted evidence of payments made by him prior to the date of the contract for this lot, and this, it is insisted, was error. It was not claimed that those payments were proper credits upon this contract, but the object of the evidence was to show that other payments had been made and accepted in payment for this lot. The evidence may not have been of great value, but the admission of it cannot be said to be reversible error.

Appellant Todd contends that the bill, as to him, should have been dismissed on his filing a disclaimer. It may be conceded that such an order should have been made, but it was practically done by the final decree, and no injury resulted to him by continuing his name in the case. The decree requires nothing of him—not even the payment of costs.

The more serious objection to the decree below is, that it requires James Mix, together with Helen M. Mix, his wife, to convey the premises and requires him to pay costs. It is not pretended that he was a party to the contract. While it is true that he may have dower in the premises, and the contract entered into by Helen M. Mix, his wife, contemplated that she should make a conveyance of a complete and perfect title, James Mix, not being a party to the contract, cannot be compelled to join her in its performance. (*Mathison* v. *Wilson*, 87 Ill. 51; *Deniston* v. *Hoagland*, 67 id. 265.) For this error the decree of the circuit court must be reversed.

The cause will be remanded to the circuit court to modify its decree by striking out that part of it which requires the husband to join in a conveyance of the lot and which makes him liable for costs.

*Reversed and remanded.*