FREDERICK L. MECKEL, Appellant, *vs.* SARA L. JOHNSON *et al.* Appellees.

*Opinion filed December 17, 1907.*

1. PLEADING—*when question of jurisdiction is not raised by demurrer.* The action of the trial court in sustaining a general demurrer to a bill for specific performance cannot be sustained, on appeal, upon the ground that all the defendants were non-residents and that no personal service was had upon them, where it does not appear from the face of the bill whether or not such personal service was had.

2. SAME—*when bill for specific performance need not aver tender.* A bill for specific performance need not aver tender of the balance due by the vendee before filing the bill, where the contract provides that the vendee shall pay the balance due within thirty

days after the title is found acceptable, provided the deed and a title guaranty policy shall then be ready for delivery; and it is sufficient if the bill avers the vendee's ability and readiness to perform and offers to bring the balance due into court, and alleges that the defendant has refused and neglected to obtain the title guaranty policy or execute the deed.

3. WILLS—*extent to which a codicil affects provisions of will.* Where a codicil appended to a will contains no clause of revocation, the provisions of the will are to be disturbed only in so far as is absolutely necessary to give effect to the provisions of the codicil, and in other respects the will and codicil will be construed together.

4. SAME—*when codicil does not take away power of sale by executrix.* Where a certain article of the testator's will embraces three subjects,—the first appointing the executors, the second authorizing them to sell real estate, and the third directing that no bond shall be required,—a subsequent codicil, containing no clause of revocation, which purports to modify such article "so that it shall read as follows," but which relates only to the appointment of the executors, does not affect the other subjects or take away the power of sale.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

On December 31, 1906, Frederick L. Meckel, appellant, filed his bill in the circuit court of Cook county against Sara L. Johnson, sole surviving executrix of the last will and testament and codicil of Servetus Fisher Johnson, deceased, Edith Chisholm, a minor, and others deemed to have an interest in the subject matter of the suit under said will and codicil, for specific performance of a contract for the sale of real estate located in that county. Edith Chisholm, by her guardian *ad litem,* interposed a general demurrer to the bill. The Union Trust Company, a corporation, answered, and the other defendants were defaulted. The demurrer was sustained and the court entered a decree dismissing the bill for want of equity. Appellant has brought the record to this court.

The bill alleges that on June 1, 1904, Servetus Fisher Johnson died testate, leaving surviving him Sara L. Johnson, his widow, Edith S. Chisholm, his daughter, and Seymour Johnson, a son, his only heirs-at-law, and Edith Chisholm, a child of Edith S. Chisholm, all legatees under his will. A copy of his last will and testament, and the codicil thereto, is attached to and made a part of the bill. The bill avers that said will and codicil were filed and duly admitted to probate on June 22, 1904, in the surrogate court of the county of New York, where said Johnson resided at the time of his death, and that on the same day the said Sara L. Johnson and Charles W. Miller, named in said will and codicil as executrix and executor thereof, duly qualified, and from that time acted as such, jointly, until March 1, 1906, when said Charles W. Miller died, and that from the date of the death of said Miller the said Sara L. Johnson has been, and now is, the sole surviving qualified executrix of said last will and codicil.

The bill then alleges that complainant is in possession of certain real estate located in the city of Chicago, owned by Johnson in his lifetime, under a lease from the deceased, and that after the death of said Charles W. Miller, and on July 10, 1906, he entered into a contract with said Sara L. Johnson, as said executrix, to purchase the said property for the sum of $30,000. The contract, which was reduced to writing and is set out in the bill, acknowledges the receipt of $1000 paid thereon as earnest money, to be applied on the purchase price, and provides for the payment of $29,000 by complainant within thirty days after the title has been examined and found good or accepted by him, and for a conveyance of said property by deed to the purchaser by Sara L. Johnson, as said executrix. After the execution of the contract it was approved, in writing, by Sara L. Johnson in her individual capacity, and by Seymour Johnson and Edith S. Chisholm, and in consideration of its performance each of them agreed to convey and quit-claim to

complainant all their interest in said premises when the conveyance, as provided in the contract, was made. These persons evidently so joined in the contract for the reason that under the provisions of the will they would have an interest in the proceeds of the sale.

The bill further alleges that said Sara L. Johnson, as said sole surviving executrix, was authorized and empowered to make said contract of sale and carry the same into execution under the provisions of said last will and codicil, and that she has received from the complainant the sum of $1000 on said contract, which she still retains, but that since the execution of said contract she has neglected and refused to comply with its terms in any manner, and that the said Seymour Johnson and Edith S. Chisholm have likewise neglected to convey their interest in said premises to complainant by a quit-claim deed, and that Edith Chisholm, a daughter of Edith S., is a minor and might have some contingent interest in said property by virtue of said last will and codicil; that complainant has been ready and willing, since the date of the execution of the contract, to pay the remaining sum of $29,000 and to comply with the terms of said contract, and offers to bring into court such sum or sums of money as the court may find is due to defendants, or either of them, to enforce the performance of said contract, and prays that Sara L. Johnson, as said executrix and individually, and said Seymour Johnson and Edith S. Chisholm, may be decreed to execute and deliver to complainant, within a short time fixed by the court, a good and sufficient deed of conveyance of said premises.

The seventeenth clause or article of the will, as modified by the codicil, appoints Sara L. Johnson executrix and Charles W. Miller executor of said will, and provides that in case of the death or removal, refusal or inability of either to act, then the Union Trust Company of the city of New York shall be appointed executor in his or her stead. If that company refuses to qualify, then Francis L. Eames is

to be made executor. Following the paragraph naming the executrix and executors in the original will was a paragraph authorizing such of his executrix and executors as should be acting, to sell and convey any and all real estate owned by him at the time of his death. Whether the power so conferred by the original will is taken away by the codicil is one of the questions for determination.

It is urged by appellant that the court erred in sustaining the demurrer and in dismissing the bill. Edith Chisholm is the only one of the appellees who has filed a brief in this court, and she will be referred to in the opinion as the demurrant.

Ashcraft & Ashcraft, (Raymond M. Ashcraft, of counsel,) for appellant.

Follansbee, McConnell & Follansbee, and Herbert A. Lundahl, for appellees.

Mr. Justice Scott delivered the opinion of the court:

To the bill herein, which was for the specific performance of a contract for the conveyance of real estate located in Cook county, Illinois, a general demurrer was sustained. It is urged in support of the action of the court below that the court had no jurisdiction to proceed in the cause, for the reason that all the defendants to the bill were non-residents of the State of Illinois and that no personal service was had upon either of them. Whether or not personal service was had upon either or all of the defendants does not appear from the face of the bill, and this question as to the jurisdiction of the court cannot, therefore, be raised by demurrer in this case.

It is next contended that the bill is fatally defective because it does not aver that the complainant, who was the vendee, tendered the unpaid portion of the purchase money prior to the filing of the bill. The contract acknowledges

the payment of $1000 to be applied on the purchase price, and the vendee agrees to pay, within thirty days after the title has been examined and found acceptable, the balance of the purchase money ($29,000) at a certain office in Chicago, provided the deed to be executed to him, and a title guaranty policy, shall then be ready for delivery. The deed and the guaranty policy were to be ready for delivery at a time as early as, or earlier than, the time when the $29,000 was to become payable, and there was no occasion to make a tender of that sum until the time when it was payable. The bill avers that Sara L. Johnson, who was to make the conveyance, neglected and refused to obtain the title guaranty policy and neglected and refused to execute or tender to complainant the deed for the premises. Under these circumstances it was not necessary to aver by the bill the tender of the unpaid portion of the purchase money prior to the filing of the bill, where, as here, the bill averred the complainant's ability and readiness to comply with the contract at all times after the execution thereof, and where, as here, he offered by his bill to bring into court the unpaid portion of the purchase price. *Dulin* v. *Prince,* 124 Ill. 76; *Watson* v. *White,* 152 id. 364.

It is next insisted on behalf of demurrant that Sara L. Johnson, who as executrix of the will of her husband made the contract, enforcement of which is sought, had no authority, under and by virtue of that will, to sell the real estate of the deceased, and that, this being true, specific performance should not be decreed.

The will of Johnson contains certain numbered clauses or articles. That portion which follows the sixteenth article, as set out in the bill, is numbered and paragraphed and reads as follows:

"*Seventeenth.*—I appoint my said wife, Sara L. Johnson, to be executrix and Charles W. Miller of Sparkhill, New York, to be executor, of this my will and in case of the refusal or inability of either to act or in case of the

231—35

death or the removal of either, I do appoint Francis L. Eames to be executor in his or her stead and place.

"I authorize my said executrix and executors or such of them as may be acting as such, in their discretion, and also authorize my trustee in its discretion, to sell and convey any and all real estate left by me whether within or without the State of New York, but any such sale if not for the payment of debts, shall be deemed to be in aid of the trust hereinbefore created, and the proceeds of such sale or sales shall be handed over to or kept by said trustee as part of said trust estate.

"I direct that neither of said executrix and executors or said trustee be required to give bonds or security for the performance of their duties, as such executrix, executors or trustee.

"Lastly, I revoke all former wills by me made."

Afterwards he executed a codicil, the fourth clause of which reads as follows:

"*Fourth*—I hereby modify the seventeenth article of my will so that it shall read as follows:

"*Seventeenth*—I hereby appoint my said wife, Sara L. Johnson, to be executrix and Charles W. Miller of Sparkhill, New York, to be executor of this my will, and in case of refusal or inability of either to act, or in case of the death or removal of either, I do appoint the Union Trust Company of the city of New York to be executor in his or her stead and place. If, however, the said Union Trust Company should refuse to qualify as such executor, then and in such case, I appoint my friend Francis L. Eames to be executor in the place and stead of the said Sara L. Johnson or the said Charles W. Miller, as the case may be."

The position of demurrant is, that it appears from the fourth clause of the codicil that it was the intention of the testator to take away from his executrix the power, which he had given her under article 17 of his will, to sell the real estate, while appellant contends that clause 4 of the

codicil modifies only the first paragraph, following the word "seventeenth" in the will, leaving intact the two succeeding paragraphs, by which the executrix and executor were authorized to sell his real estate and by which it was provided that they should serve without being required to give bond. By the first clause of the codicil the testator stated:

"*First*—I hereby re-publish, ratify and in all things confirm my said last will and testament, save in so far as any part of it is inconsistent with this codicil or is modified or changed hereby."

That portion of the will which authorizes the executrix and executor to sell real estate and relieves them from the necessity of giving bond is not inconsistent with any part of the codicil. The codicil contains no words of revocation. It only provides that each of certain specified articles contained in the will shall be modified to "read as follows." The fourth clause of the codicil merely provides that in case either the executrix or executor first named in the will does not act or ceases to act, then the Union Trust Company shall be substituted, and if that company refuses to qualify, then Francis L. Eames shall be appointed. The first paragraph following the word "seventeenth" in the original will is to the same effect, except that the Union Trust Company is not therein mentioned but Eames is to become an executor in case either of those first nominated fails or ceases to act. The fourth clause of the codicil is not germane to either the second or third paragraphs following the word "seventeenth" in the original. It does not refer to the same subjects and seems to have been drawn without any purpose of dealing with those matters.

"Where a codicil is appended to a will and does not contain any clause of revocation, the provisions of the will are to be disturbed only as far as is absolutely necessary to give effect to the provisions of the codicil, and in other respects such a will and codicil are to be construed together." Page on Wills, sec. 462; *Vestal* v. *Garrett,* 197 Ill. 398.

Keeping this rule in mind and taking into consideration all parts of the will and codicil now before us, it seems to us that the proper conclusion to be drawn therefrom is, that when the testator, in the fourth clause of his codicil, designated a certain portion of his will as the "seventeenth article" thereof, he had reference only to the first paragraph of that will which follows the word "seventeenth" therein, and did not regard the paragraph which conferred upon his executrix and executors power to sell real estate, and the paragraph which dispenses with the necessity of a bond from his legal representatives, as a portion of the seventeenth article, and did not intend to modify, change, alter or revoke the two last mentioned paragraphs. We are therefore of the opinion that his executrix had power to sell his real estate and to enter into the contract which is involved in this suit.

The decree of the circuit court will be reversed and the cause will be remanded to that court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*