ELIZABETH C. TERHUNE, Appellant, *vs.* THE COMMERCIAL NATIONAL SAFE DEPOSIT COMPANY *et al.* Appellees.

*Opinion filed June 29, 1910—Rehearing denied October 6, 1910.*

1. WILLS—*entire will must be considered in ascertaining testator's intention.* In construing a will the law requires that the intention of the testator be ascertained from a consideration of the entire will.

2. SAME—*will should be construed, if possible, to give estate of inheritance to first taker.* Wills should be so construed, if possible, to give an estate of inheritance to the first taker, and the different clauses should, if it can be done, be so construed as to bring them in harmony with each other and give effect to each clause.

3. SAME—*codicil should not be held to revoke clear devise unless it is unavoidable.* A codicil must be construed as part of the will, and should not be held to revoke a clear devise in the will unless there is no way of harmonizing them.

4. The court construes the will herein involved, and holds that the devisees of the property in question took a fee simple title, and that the title to one of them was not limited to a life estate by the language of the fourth codicil to the will.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CLARENCE N. GOODWIN, for appellant.

CHARLES L. BARTLETT, (ISHAM, LINCOLN & BEALE, of counsel,) for appellee the Commercial National Safe Deposit Company.

PECKHAM, BROWN, PACKARD & WALSH, for appellees Rivers McNeill, Thomas H. McNeill and Ellen M. Crudup.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing for want of equity a bill filed by Elizabeth Terhune against the Commercial National Safe Deposit Company, Rivers McNeill, Thomas H. McNeill and Ellen M. Crudup, in which the appellant prayed for the cancellation of a lease as a cloud upon her title, for an injunction, and other relief.

The theory of the bill is that the appellant is lawfully seized in fee of an undivided one-fourth of one-eighth interest in certain real estate in remainder, the possession of which is postponed until the death of Flora Caruthers, the life tenant. Appellant is a daughter of Flora Caruthers, a grand-daughter of Thomas Henry McNeill and a great-grand-daughter of Malcolm McNeill. Malcolm McNeill died testate in the State of Kentucky on February 21, 1875, and was at the time of his death the owner in fee of the real estate involved in this suit. Appellant claims title under the will of Malcolm McNeill. Appellees deny that she has any interest whatever. The rights of the parties depend upon the construction of the last will of Malcolm McNeill.

The testator died at the age of seventy-nine years. He left a large estate, consisting of improved and unimproved city lots in Chicago, Illinois, city and suburban property in and near Memphis, Tennessee, farm lands in Kentucky and Mississippi, and a considerable amount of personal property, all of which was disposed of by his last will. The testator left surviving him his widow, Catherine; his daughter, Martha Boddie, and her seven children; his grandson, Malcolm Caruthers, only surviving child of his deceased daughter, Elizabeth Caruthers; and nine grandchildren of his deceased son, Thomas Henry McNeill. There were,

therefore, three branches of lineal descendants of the testator: (1) His daughter, Martha Boddie, who survived her father; (2) Malcolm Caruthers, a grandson representing a deceased daughter, Elizabeth. Caruthers; and (3) nine grandchildren representing Thomas Henry McNeill, a deceased son of the testator. The children of Thomas Henry McNeill were: Flora Caruthers, Henry C. McNeill, Malcolm McNeill, Jr., Thomas H. McNeill, Jr., Ellen Crudup, B. F. McNeill, Rivers, William A. and Alexander C. McNeill. Alexander was the youngest child of Thomas Henry McNeill and was eleven years of age when the testator died. Henry C. McNeill died before Alexander attained the age of twenty-one years. After the death of Elizabeth, daughter of the testator, her surviving husband, John P. Caruthers, married Flora McNeill, a grand-daughter of the testator. Four children of Flora Caruthers survived the testator, as follows: James P., Thomas H. and Robert L. Caruthers, and the appellant, Elizabeth Terhune. By his last will the testator made provision for his widow and for each of the three branches of his lineal descendants. The real estate involved in this controversy was devised to the children of Thomas H. McNeill. The controlling question to be determined is whether Flora Caruthers took a fee simple title under the will, or a life estate with the remainder to her children.

The will is quite long and was ·evidently drawn by someone not skilled in the preparation of such instruments. While only the clauses of the will making provision for the children of Thomas Henry McNeill, and particularly those clauses referring to Flora Caruthers' interests, are directly involved, a brief synopsis of the entire instrument will disclose the general testamentary scheme and throw light on the clauses to be construed.

The testator, after providing for the payment of his debts, directs that his homestead plantation be divided on the line of a certain fence running east and west across

the same, and then devises to his daughter Martha Boddie two hundred acres off of the south part of the south division during her life, and at her death to be equally divided among her then living children. It is provided that if any of her children have died in the meantime, leaving a living child or children, such living child shall take as his parent would if then living. He also devises to Martha Boddie rents from certain property in Chicago during her life, subject to the payment of his debts and an annuity of $1000 to his wife, said rents to continue after the death of Martha to her then living children until her youngest child is twenty-one years old or would be twenty-one years old if living, then the fee to vest in the children of Martha Boddie then living and the children of any who may have died. All of the devises to the children of Martha Boddie have a condition of forfeiture in case any of said children should sell or attempt to sell their said interest before the time arrives for a complete vesting of the title in fee. The testator devises his homestead to his wife and one-half of his personal property, the other half to Martha Boddie, and he gives his wife $1000 annually so long as she shall live. By another clause the testator devises to Malcolm Caruthers, only surviving child of his daughter Elizabeth Caruthers, the rents and profits from certain real estate until the devisee becomes thirty years of age, and then the title to become vested in fee in him. There is a devise over in case Malcolm should die before he arrives at the age of thirty leaving no children, to the children of Thomas Henry McNeill and to his daughter Martha Boddie, in equal parts. To the children of Thomas McNeill the testator devises the rents of certain property (including the premises in question) until the youngest child becomes twenty-one years old, then the fee to vest in them. After devising the rents of certain real estate in Chicago, including the premises involved in this suit, to the children of Thomas H. McNeill, the language of the will continues as follows: "And they

the said children are to receive, have and enjoy the said rents subject as before named to debts, wife's annuity and the re-building of houses as above and before provided until Alexander McNeill the youngest child shall be twenty-one years old or would be that old if living then and at that time the fee simple of all the property herein named that they been by this will receiving rents from shall vest absolutely in them the then living children of the said T. H. McNeill to have in fee simple to divide or sell or use as they may think proper and should any of the said children have died before that period the time at which the full title passes and vests in them leaving a child or children that shall be then living, *i. e.* at the time of dividing said property, said child or children shall heir as their parent would have done if living I mean in the tenth (10) line above from the top when and where I have said the fee simple title of all the property herein named I mean that the fee simple title for the perfect and compleat title of all, etc., as there expressed and provided." Then follows what the testator called the "excluding clause," to-wit: "Provided always, that none of the above named children of my son should not have parted with or sold or caused to be sold their interest in this said estate prior to the time of which they by this will are to receive a fee simple title in that case any that have done so sold or attempted by sale to have parted with any part or portion of their interest shall not be suffered to draw or receive any part or portion of said estate but the entire estate shall then be divided among those that have not done, so sold or transferred their interest and the sale attempted by them shall be null and void and of no effect and they so having done shall and is by this will excluded either from the profits of rents and from the fee simple title or interest in this my estate." This "excluding clause" was substantially the same as the testator had made in respect to the portion of his estate falling to the children of Martha Boddie.

Flora was one of the nine children of Thomas Henry McNeill. She was married to John P. Caruthers and had four children living at the time the testator died. Her husband had become insolvent about the year 1867 and was in embarrassed circumstances, which was known to the testator. The testator had advanced Caruthers $15,000 to build a home for himself and family, intending that the title should be placed in the name of Flora but it was taken in the name of John P. Caruthers, and his creditors seized the property and sold it. Caruthers was addicted to the use of intoxicating liquors to an extent which seriously impaired his business ability. In view of this situation the testator introduced certain special provisions in his will in reference to the interest of his grand-daughter, Flora, one of which is as follows: "I further hereby provide that Flora Caruthers a Flora Caruthers a daughter of my son Thos. H. McNeill who is now married *in order that she shall have full and perfect protection from the excluding clause hereby made* I do place her interest in trust *to* the hands of her brother Malcolm McNeill Jr. to hold, manage and control for her and to pay over in person to her any and such rents as she may be entitled to and at the proper time to receive the title of interest that she may be entitled in this my said estate as before set forth, that he shall so manage, do with and by it as she may think proper to direct and in case of her death all the rents and interest that she has or may have in my estate shall go to her then living children for their support, Malcolm McNeill is to act as her trustee or as trustee to her said interest without giving security for his faithful performance beleaving and knowing he will act right and in case he refuses to act or in case of his death the court to appoint a suitable and trustworthy trustee that will carry out this my wish and will." And as a further expression of the testator's solicitude in regard to the interest of Flora Caruthers we find the following provision: "I wish expressly understood that

*in all my bequests in this will* to the children of Thomas Henry McNeill, that I constitute and appoint Malcolm McNeill, Jr., her trustee to receive and manage every cent of her interest that she is to receive as one of the children of said T. H. McNeill that he the said trustee may receive for her all said interests or bequests and pay it over to her in person or *to do with it and by it as she may direct and no otherwise,* and should she die before she realises all of said bequests then the trustee to give it to her Flora's children for their better support. In the first part or portion of this clause in speaking of Malcolm McNeill, Jr., being her trustee I mean by the word her Flora Caruthers my granddaughter and child of my son T. H. McNeill and request the court to give strict attention to the same." In addition to these special provisions the testator added a fourth codicil to his will, which is as follows:

"Codicil the fourth,—It is my express intention in this my last will and testament that the portion falling to Flora one of the children of Thomas Henry McNeill and her children *is for her sole and separate use, free from all control of any husband she may at any time have or any debt or contract of said husband* and I hereby appoint Malcolm McNeill Jr. as trustee of said property and he is to pay over to her such a *pro rata* as may be coming and due to her from time to time *and at her death such property shall go to her children* as provided for in the body of the will."

It is strenuously contended by appellant that the fourth codicil is conclusive evidence of the testator's intention to give Flora Caruthers a life estate only, with remainder in fee to her children.

Alexander C. McNeill became twenty-one years of age on August 31, 1885. On November 16, 1885, a partition was arranged among the eight children of Thomas H. McNeill who survived this point of time, by which Flora Caruthers and four of her brothers were to convey their interest in fee in the property in question, with other prop-

erty, to three of the appellees, Rivers McNeill, Thomas H. McNeill and Ellen M. Crudup, in consideration of a conveyance by the last named of their interest in other property devised to them by their grandfather and the payment of the sum of $96,115.36 in cash to equalize the division. In pursuance of this arrangement Malcolm McNeill and three of his brothers united in a quit-claim deed, Flora Caruthers joining therein, purporting to convey all interest acquired through and under the last will and testament of Malcolm McNeill, deceased, in the "Kentucky block" property to the three appellees above named. The $96,115.36 was paid to the grantors, and Flora, through her trustee, received one-fifth share thereof. After these transactions Rivers McNeill, Thomas H. McNeill and Mrs. Crudup went into possession of the premises in question, which are known as Nos. 201-203 South Clark street, and collected the rents and paid taxes thereon until in April, 1905, when they leased the lot for 198 years to the appellee the Commercial National Safe Deposit Company at a rental of $12,000 per annum. The lessee covenanted to erect a nineteen-story building on this and adjoining lots, to cost approximately $4,000,000. It is this lease that the appellant seeks to have set aside and canceled as a cloud upon her title, and acts under it in removing the old building preparatory to constructing the new one which she seeks to enjoin.

In construing this will the law requires that the intention of the testator, as determined from a consideration of the entire will, should be our guide. (*Dickison* v. *Dickison,* 138 Ill. 541; *Bergman* v. *Arnhold,* 242 id. 218.) Wills should be so construed, if possible, as to give an estate of inheritance to the first taker. (*Giles* v. *Anslow,* 128 Ill. 187; *Webbe* v. *Webbe,* 234 id. 442.) The different clauses of a will should be so construed, where it is possible to do so, as to bring them into harmony with each other and give effect to each clause. Under this rule codicils should be

construed as a part of the will, and should not be held to revoke a clear devise in the will unless there is no way of harmonizing them. (*Meckel* v. *Johnson,* 231 Ill. 540; *Wardner* v. *Baptist Memorial Board,* 232 id. 606.) An examination of the will before us discloses that the testator had a general testamentary plan of postponing the full enjoyment of the estates devised to his grandchildren until a certain fixed time in the future. In the case of Malcolm Caruthers the full enjoyment was postponed until he should arrive at the age of thirty. This clause of the will was before this court in *Caruthers* v. *McNeill,* 97 Ill. 256, and we held that Malcolm McNeill, having attained the age of thirty years, was entitled to the possession and full enjoyment of the real estate devised to him. In the case of the children of Martha Boddie the complete enjoyment was postponed until her youngest child attained the age of twenty-one, and a like provision was made in respect to the children of his deceased son, Thomas Henry McNeill. It is to be borne in mind that the children of Martha Boddie and Thomas H. McNeill constituted two classes of beneficiaries, both of which sustained the same relation to the testator. It is not contended by appellant that the children of Martha Boddie, or the children of Thomas H. McNeill other than Flora, did not take a fee simple title under the will. In other words, it is admitted by appellant that all of the grandchildren of the testator, except Flora, took a fee simple title under the will. As to Flora, it is contended that the fourth codicil reduces her interest to a life estate with remainder in fee to her children.

It is clear that the testator desired, in case a grandchild died before the vesting of the fee simple estate leaving a living child or children, that such living child or children should be substituted for the deceased parent. It is also very clear that the testator desired to provide against the possible anticipation of the fee simple estate on the part of his grandchildren by the provision for a forfeiture of

all interest in case of a sale, or attempt at sale, before the time arrived for the full enjoyment of the estate. There are special provisions in the will in regard to Flora Caruthers' interest that do not apply to any other devisee. As already pointed out, there were valid reasons why the testator thought it necessary to introduce these special provisions in order to safeguard the devises to his granddaughter, Flora Caruthers. The clauses introduced for this purpose are those by which the testator puts Flora's interest in the hands of her brother, Malcolm McNeill, in trust, and the clause by which the testator exempts Flora's interest from what he calls the "excluding clause" of the will. That the testator intended to devise a fee simple title to the children of Thomas Henry McNeill, the full enjoyment of which was postponed until Alexander McNeill, the youngest child, should become twenty-one years old or would be of that age if living, is too clear to admit of controversy when the provisions of the will are considered apart from the fourth codicil. Some of the expressions in the will from which this conclusion necessarily must be drawn are as follows:

The testator devises the rents of certain houses, lots, etc., to the children of Thomas Henry McNeill, and then adds: "Until Alexander McNeill, the youngest child, shall be twenty-one years old, or would be that old if living, then at that time the fee simple title of all the property herein named * * * shall vest absolutely in them the then living children of the said T. H. McNeill to have in fee simple to divide or sell or use as they may think proper." And again this language is found: "I mean in the tenth line above from the top where I have said the fee simple of all the property herein named I mean that the fee simple title for the perfect and compleat title of all," etc. The intention of the testator to devise a fee to the children of Thomas H. McNeill is further manifested by the following expression: "Provided always that none of

the above named children of my son should not have parted with or sold or caused to be sold their interest in this said estate prior to the time at which they by this will are to receive a fee simple title in that case any that have done so sold or attempted by sale to have parted with any part or portion of their interest shall not be suffered to draw or receive any part or portion of said estate but the entire estate shall then be divided among those that have not done so sold or transferred their interest and the sale attempted by them shall be null and void and of no effect and they so having done shall and is by this will excluded either from the profits of rents and from the fee simple title or interest in this my estate."

It would be difficult to select language which would more clearly express the intention to devise a fee than that employed by the testator in the body of his will. Since none of the grandchildren attempted to convey or otherwise dispose of their interest prior to the time fixed in the will when their right to convey would become perfect, no complications arise out of the so-called "excluding clause" of the will. An examination of the two clauses of the will and the fourth codicil set out above, which relate to the appointment of Malcolm McNeill, Jr., as trustee, to hold, manage and control the interest of Flora Caruthers, will show that the testator intended that the trusteeship should continue after the time arrived for the full enjoyment of the estate in fee. The trustee is given the power, by Flora's direction, to "manage, do with it and by it as she may think proper to direct." When the extent of the power of the trustee is considered in connection with the clause exempting Flora's interest from the "excluding clause" of the will, it might reasonably be argued that a deed executed by the trustee, under the direction of Flora, before Alexander McNeill attained the age of twenty-one, would have conveyed a fee simple title to the grantee, but since no conveyance was made or attempted until after Alexander attained

the age of twenty-one it is not necessary to determine what would have been the effect of a deed made prior to that time. The appointment of a trustee by the testator for Flora's interest and the addition of the fourth codicil were not intended by the testator to revoke the clear devises in the will of a fee simple title and reduce her interest to a mere life estate. The language of the fourth codicil, if standing alone, might be susceptible of the construction contended for by appellant. In that codicil it is declared: "It is my express intention in this my last will and testament that the portion falling to Flora * * * and her children is for her sole and separate use * * * and at her death such property shall go to her children as provided for in the body of the will." The language "as provided for in the body of the will," means in the manner provided for in the body of the will. By referring to the body of the will we find that Flora's children were provided for as follows: In case Flora should die before Alexander reached the age of twenty-one,—or, in other words, before she (Flora) came into the full enjoyment of her estate,—then the rents and profits thereof should be received by her then living children until Alexander reached the age of twenty-one, and then such of her children as were living at that time should take the fee, the same as their mother would have taken it had she been living at that time. Having before us these provisions respecting the children of Flora, we readily conclude that the language, "as provided for in the body of the will," simply refers back to the body of the will for a determination of the manner in which such property is to go to her children, and the expression "at her death" clearly refers to her death at any time before Alexander attains the age of twenty-one. Thus interpreted, the fourth codicil is in harmony with the body of the will. The language of the codicil, thus construed, means simply that if Flora should die before she comes into the full enjoyment of her prop-

erty, then the same shall go to her children in the manner that the testator has directed in the body of the will.

It follows from this view that the deed made by the trustee, in which Flora Caruthers joined, made after Alexander was twenty-one years of age, conveyed the fee simple title to the individual appellees herein. These appellees had full power to lease said property to the Commercial National Safe Deposit Company. Appellant, at the time of filing her bill, had no interest whatever in the premises. The court therefore properly dismissed her bill.

The decree of the circuit court of Cook county will be affirmed.

*Decree affirmed.*