(No. 12768.—Judgment affirmed.)

ELSA LIMBACH, Appellant, *vs.* RUSSELL WARDER LIMBACH, Appellee.

*Opinion filed October 27, 1919—Rehearing denied Dec. 5, 1919.*

1. WILLS—*a will must be revoked in the manner prescribed by statute.* A valid written will remains the last will and testament of the person executing it unless it is revoked in the manner prescribed by section 17 of the Wills act, and to be a revocation of a former will a subsequent will must upon its face and by its terms declare a revocation.

2. SAME—*when a written will is not revoked.* Whether or not a written will executed in compliance with the formalities required by the statute may in any case be revoked by a nuncupative will, such revocation is not effected by an alleged nuncupative will of later date containing provisions inconsistent with the former will but making no reference to such will.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. GEORGE F. BARRETT, Judge, presiding.

JULIUS LIMBACH, (GEORGE F. ORT, of counsel,) for appellant.

JOHN S. HUEY, and BUSBY, WEBER, MILLER & DONOVAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles H. Limbach, a resident of Cook county, died on January 16, 1917, leaving his wife, the appellee, Russell Warder Limbach, and brothers and sisters, but no child or descendant. Two instruments, each alleged to be his will, were presented to the probate court of Cook county,—one a written will executed on April 30, 1912, by which he gave all his estate, real and personal, to his wife and

appointed her as executrix without security; the other a nuncupative will, alleged to have been made on December 24, 1916, making provisions for his sister in Europe and nephews and nieces by giving to each of them specified amounts of preferred and common stock of the Chicago Mill and Lumber Company, but making no reference, in terms, to the prior written will. The probate court·admitted to probate the written will and denied probate of the nuncupative will. An appeal was taken to the circuit court with the same result, and a further appeal was prosecuted to the Appellate Court for the First District, where the judgment of the circuit court was affirmed. A certificate of importance was granted and an appeal to this court, which was perfected.

Section 15 of the act in regard to wills provides that a nuncupative will shall be good and available in law for the conveyance of personal property thereby bequeathed if committed to writing within a specified time and proved as therein provided. Whether Charles H. Limbach made the statements reduced to writing as a nuncupative will was the subject of controversy on the application for probate, but if the written will was not revoked by the nuncupative will the judgment of the Appellate Court was right, regardless of any question as to the making or due execution of the nuncupative will. The law of this State is that a valid written will shall be and remain the last will and testament of the person executing it unless it shall be revoked in the manner prescribed by the statute. Section 17 of the act in regard to wills is as follows: "No will, testament or codicil shall be revoked, otherwise than by burning, canceling, tearing or obliterating the same, by the testator himself, or in his presence, by his direction and consent, or by some other will, testament or codicil in writing, declaring the same, signed by the testator or testatrix, in the presence of two or more witnesses, and by them attested in his or her presence, and no words spoken shall revoke or

annul any will, testament or codicil in writing, executed as
aforesaid, in due form of law."

Whether a nuncupative will comes within the meaning
of section 17 as being words spoken, which would prevent
the making of a nuncupative will in any case where the
testator has already executed in due form of law a writ-
ten will, or whether, when reduced to writing, it fulfills the
condition prescribed by the statute, is not here involved, be-
cause Charles H. Limbach did not by his nuncupative will
declare any revocation. In some States a will may be re-
voked wholly or in part by implication by the execution of
a later will containing inconsistent or repugnant provisions,
but that rule does not prevail in this State because the stat-
ute on the subject of revocation is. specific. The question
in what manner a will may be revoked was considered and
determined in the case of *Stetson* v. *Stetson,* 200 Ill. 601.
It was said that the rule that a revocation by implication
resulted from a subsequent will with provisions inconsistent
with the former will had resulted from statutes having their
basis in the English Statute of Frauds, but that such a
doctrine could not be maintained in the face of our stat-
ute; that by the terms of the statute a subsequent will
which shall have the effect of revoking a former will must
be a will "declaring the same,"—that is to say, must be
a will which upon its face and by its terms declares a revo-
cation; and if a will must expressly contain a clause re-
voking all former wills, the question as to any inconsistency
between the provisions of the later will and the former will
is immaterial. Provisions of a will may be affected by a
codicil, but a codicil does not revoke a will. On the con-
trary, it re-publishes and re-affirms the will and is to be
construed with it as one entire instrument. (*Meckel* v.
*Johnson,* 231 Ill. 540; *Wardner* v. *Baptist Memorial Board,*
232 id. 606; *Terhune* v. *Commercial National Safe De-
posit Co.* 245 id. 622.) Charles H. Limbach executed his
last will and testament in accordance with the statute and

did not revoke the provision made by it in the manner provided by the statute. It therefore remained his will and was entitled to probate.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*