[Civil No. 4134. Filed February 12, 1940.]

[99 Pac. (2d) 93.]

In the Matter of the Estate of BURGESS A. HADSELL, Deceased. WILLIAM SUTTERLIN, Executor of the Estate of BURGESS A. HADSELL, Deceased; ANNA M. SUTTERLIN, MAMIE S. TAYLOR, ANDREW H. HADSELL, EDWIN P. HADSELL, a Minor, by His Guardian, HARRIETTE P. HADSELL, Appellants, v. C. H. RUSSELL, IDORA P. RUSSELL, and WALTER E. HADSELL, Appellees.

Mr. Albert R. Smith, for Appellants.

Mr. J. S. Wheeler, for Appellees.

LOCKWOOD, J.—This is an appeal from a judgment of the superior court of Maricopa county refusing to revoke the probate of a certain nuncupative will. The facts necessary for a determination of the

appeal are not in dispute, and may be stated as follows:

On September 29, 1931, Burgess A. Hadsell, hereinafter called deceased, executed a will in regular form under the provisions of section 3637, Revised Code of 1928, whereby he gave and bequeathed all of his estate of every nature to his five children and one grandson, share and share alike, conditioned upon the repayment to his estate of certain advances the deceased had made to them during his lifetime. On January 10, 1936, deceased made a codicil, executed with the same formalities as the original will, altering his bequest to one of his sons, but in all other respects ratifying and confirming the previous will. Deceased became ill about November 8, 1936, and continued in a sick and enfeebled condition until his death November 28th. On November 27th, the day previous to his death, he told his son-in-law, C. H. Russell,

"Russell, you are a good beeman and I know you will take good care of the bees and I want you to have the bees. That's all, go back to work."

These remarks were shown by three credible witnesses to have been made, and their substance was reduced to writing within six days after they were spoken. The written will, the codicil, and the nuncupative will above referred to, were all admitted to probate on April 8, 1937, as the separate and conflicting last wills and testaments of deceased. A petition was filed thereafter, asking that the probate of the nuncupative will aforesaid be set aside. The matter was heard before the court, and findings of fact were duly made and judgment was rendered denying the petition for revocation of probate, whereupon this appeal was taken.

There are a number of errors assigned in appellants' brief, but we think we need consider only num-

ber four, which is in effect that the nuncupative will in question attempts to revoke, in part, the written will and codicil aforesaid, and that a revocation in this manner is prohibited. This involves a consideration of certain sections of our Code referring to wills, those pertinent to this case being sections 3637, 3638 and 3639, Revised Code of 1928, which read, so far as material, as follows:

"§ 3637. Form and execution; holographic. Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator, or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses, above the age of fourteen years, subscribing their names thereto in the presence of the testator. When it is wholly written by the testator, the attestation by subscribing witnesses is not necessary."

"§ 3638. Revocation; marriage. No will made in conformity with the preceding section, nor any clause or devise therein, shall be revoked except by a subsequent will, codicil or declaration in writing executed with like formalities, or by the testator destroying, canceling or obliterating the same or causing it to be done in his presence; . . . "

"§ 3639. Nuncupative will; proof; limitation on. Any person, competent to make a last will and testament, may dispose of his property by a nuncupative will. A nuncupative will shall not be established unless it be made during the last sickness of the deceased, nor, when the value of the estate exceeds fifty dollars, unless it be proved by three credible witnesses that the testator called on some person to take notice or bear testimony that such is his will, or words of like import; it shall not be proved until fourteen days after the death of the testator, nor until those who would have inherited, had there been no will, have been summoned to contest the same. After six months from the time of speaking the pretended testamentary words, no testimony shall be received to prove a nuncupative will, unless the testimony or substance thereof

was reduced to writing within six days after making the will.''

The nuncupative will was, of course, not made in writing nor executed with the formalities required by section 3637, *supra,* and it is urged by appellants that it is, therefore, void.

■ The original will bequeathed ''all of my estate.'' We have held, in substance, that language of this kind when used in a will refers to all of the property of the deceased, either at the time of making the will or at the time of his death, and cannot be limited to certain specific portions thereof. *Hill* v. *Hill,* 37 Ariz. 406, 294 Pac. 831. That this was the intention of the testator at the time of the making of the written will is obvious. The nuncupative will attempted to dispose of certain of the personal property of the deceased covered by the written will, and is, therefore, to that extent in conflict with the latter, and constitutes an attempt at a partial revocation. Under section 3638, *supra,* can this be done by a nuncupative will?

■ · There are no decisions in Arizona on this point, but there are two in other jurisdictions on statutes similar in substance to ours. Sections 2, 5, 11 and 12 of the Ohio Statutes of 1831, relating to wills, were in effect the same as our sections 3637, 3638 and 3639, *supra.* In the case of *McCune's Devisees* v. *House,* 8 Ohio 144, 31 Am. Dec. 438, as in the present case, a nuncupative will was made, which attempted to dispose of part of the property already bequeathed by a previous will. The court said:

'' . . . The written will makes a disposition of the whole estate of the testator, and if the verbal will is legal, it will revoke the former disposition of the personal property. . . .

''There are very good reasons why an individual, he who has not yet executed a written will, should be

permitted, under peculiar circumstances, to make a verbal one. But when he has already executed a written will with all the solemnities of the law, there are equally strong reasons why the revocation of it should be attended with the same solemnities. It is not in restraint of this free action; it is to protect him from a fraudulent conspiracy, very likely to take place, where he has already disposed of his property, counter to the wishes of those who surround him. The frauds practiced in England gave rise to the enactment in the statute of frauds. The act of 1805 was framed in analogy to that law; and the act of 1831, with a design equally plain, has also forbidden the revocation of a written by an nuncupative will.''

We think the reasoning of the Ohio court on the construction of their statute is most cogent and conclusive of the question. The same question came up in the case of *Limbach* v. *Limbach,* 214 Ill. App. 64, which was afterwards affirmed by the supreme court of Illinois in 290 Ill. 94, 124 N. E. 859. Therein the court held on the facts that the nuncupative will involved had not been properly published and executed, but further said:

''We will add, however, that in our opinion the nuncupative will should not have been admitted to probate, even if its publication and execution had been established. It is inconsistent with and would, if admitted, in part revoke the prior written will. It is, therefore, invalid under section 17 of the Statute on Wills, Hurd's Rev. St., page 2969 (J. & A. ¶ 11558). In Schouler on Wills (5th Ed.), vol. 1, page 469, the author says: 'As to the repeal or alteration of a written will by a nuncupative one. This, we have seen, is expressly forbidden by the Statute of Frauds. And under American codes, the revocation, total or partial, of a duly executed written will by an oral or nuncupative one is likewise prohibited.' As authorities the author cites, *McCune's Devisees* v. *House,* 8 Ohio 144 [31 Am. Dec. 438], and *Brook* v. *Chappell,* 34 Wis. 405. These cases are cited for a substantially similar state-

ment of the law in 30 Amer. & Eng. Encyc. of Law (2nd Ed.), page 603 and 40 Cyc. 1171. Appellant contends these authorities are not applicable because the Ohio and Wisconsin statutes differ materially from the 17th section of the Illinois Statute of Wills. The language of the opinions does not indicate, however, that the differences were controlling.''

The only other case which we have been able to find dealing with the effect of a nuncupative will upon a prior written will is that of *In re Glebus' Estate,* 267 Pa. 125, 110 Atl. 80. Therein, while it is true the court held that the evidence did not sustain the contention that the nuncupative will had ever been made, the Pennsylvania statute expressly provided that a written will might be revoked by a nuncupative will made in a certain manner, and the court pointed out that the revocation was not valid unless the statute was strictly complied with.

A full discussion of the reason for the statutes limiting the method of revoking written wills will be found in the annotations of the case of *Graham* v. *Birch,* 47 Minn. 171, 49 N. W. 697, 28 Am. St. Rep. 339.

Since it appears conclusively that the written will and codicil above referred to were executed according to law and were not revoked either in whole or in part in the manner required by section 3638, *supra,* the judgment of the trial court is reversed and the case remanded with instructions to set aside the probate of the nuncupative will in question.

ROSS, C. J., and McALISTER, J., concur.