701 P.2d 3

**In the Matter of the ESTATE OF Harry FEIR, Deceased.**

**Anna STERK, Petitioner/Appellee,**

v.

**Sidney S. KANTER, Respondent/Appellant.**

**No. 2 CA–CIV 5149.**

Court of Appeals of Arizona, Division 2.

Feb. 13, 1985.

Review Denied April 30, 1985.

Goldbam, Goetz & Sipe by Richard H. Goetz, Tucson, for petitioner/appellee.

Karasek, Haddy & Rayes by David J. Karasek, Phoenix, for respondent/appellant.

OPINION

HATHAWAY, Judge.

The principal question raised in this appeal is whether the decedent's last will and testament was cancelled by his typewritten letter to appellant. We find that it was not and reverse.

The decedent died on April 30, 1983, and application was made to the Pima County Superior Court for commencement of intestacy proceedings by his sister, appellee. Her application was opposed by appellant, Sidney S. Kanter, who, as executor of the will of decedent, filed an application for adjudication of testacy and probate of the will. Cross-motions for summary judgment were filed by the parties, and this appeal is taken from the judgment in favor of appellee.

Prior to 1979, the decedent was a resident of New Jersey. On November 20, 1979, appellant, a New Jersey attorney, at decedent's request prepared the will in question.

On December 8, 1980, decedent sent a typed letter to appellant which provided:

"P.O. Box 1195
Passaic, New Jersey
December 8, 1980
Mr. Sid Kanter—Attorney-at-law
1064 Clinton Avenue
Irvington, New Jersey
Dear Sir:
    Please be advised that I am VOIDING my will which you had prepared for me on November 10, 1979. Thank you
Cordially yours,
Harry Feir
/s/HARRY FEIR
HF/mmh

Notary Public of New Jersey
My commission expires May 21, 1985
/s/ Gail Ann Calderio"

In September 1981, the decedent moved to Arizona. He died in Tucson on April 30, 1983.

The original of the will in question and a copy of the typewritten letter of December 8, 1980, were among the items found in the decedent's safe-deposit box. Upon the uncontested facts, both parties filed cross-motions for summary judgment. The trial court in effect found that the letter to appellant revoked decedent's Last Will and Testament.

■ Appellant contends that the letter did not operate to revoke the will. He argues that the court's ruling overlooks the similar statutory provisions of both New Jersey and Arizona. A.R.S. § 14–2507 provides:

"Revocation by writing or by act A will or any part thereof is revoked by either:
(1) A subsequent will which revokes the prior will or part expressly or by inconsistency.
(2) Being burned, torn, cancelled, obliterated or destroyed, with the intent and for the purpose of revoking it by the testator or by another person in his presence and by his direction."

This section is similar to § 2–507 of the Uniform Probate Code. See Uniform Laws Annotated. The official comment to the section in the Uniform Probate Code explains that "revocation of a will may be by either a subsequent will or *an act done to the document*." (Emphasis added) It is uncontested that the letter was not a subsequent will. It obviously does not comply with the statutory requirements for a will, A.R.S. § 14–2502,[1] and thus would not qualify as an instrument of equal formality for purposes of revoking the will. Cf., *In re Estate of Morris*, 15 Ariz.App. 378, 488 P.2d 1015, 49 A.L.R.3d 1214 (1971).

■ A.R.S. § 14–2507 provides for revocation by writing which the letter did not accomplish for the reasons already discussed "or by act" which must be done to the document as expressed in the comment to the Uniform Probate Laws section. The letter did not call for nor accomplish any act to be performed to the document. Although the letter may have expressed the testator's intent to revoke the will, the omission of effecting a cancellation of the document is crucial and will not be overlooked. Cf., *Matter of Estate of Johnson*, 129 Ariz. 307, 630 P.2d 1039 (App.1981). A will must be revoked in a manner prescribed by statute. *Estate of Hadsell*, 55 Ariz. 116, 99 P.2d 93 (1940). The intent to revoke must be accompanied by an act which appears on the purported will. *Matter of Estate of Cox*, 621 P.2d 1057 (Mont. 1981); *Yonts v. Eads*, 317 Mass. 232, 57 N.E.2d 531 (1944). Also see *In re Kemper's Estate*, 157 Kan. 727, 145 P.2d 103 (1944).

We find appellee's authority inapposite to the situation before us. *In the Matter of the Estate of Tong*, 619 P.2d 91 (Colo. App.1980), the decedent wrote on a duplicate carbon copy of the will, "This Last Will & Testament is now null, & void." The court found that the will had been cancelled as a result of the act of the decedent with respect to the duplicate copy in his possession. In *Hessmer v. Edenborn*, 196 La. 575, 199 So. 647 (1940), the decedent revoked his will by a holograph. The act of physically destroying a duplicate original of the will was found sufficient in *Roberts v. Fisher*, 230 Ind. 667, 105 N.E.2d 595 (1952).

■ Appellee contends that even if her motion for summary judgment should have been denied, summary judgment cannot be entered in favor of appellant because a factual issue exists with respect to the question of whether appellant is estopped

---

1. "Except as provided for holographic wills, writings within § 14–2513 and wills within § 14–2506, every will shall be in writing signed by the testator or in the testator's name by some other person in the testator's pres-ence and by his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

from admitting the will to probate and enjoying the benefits thereof, appellant being an attorney who received a letter from a client for whom he had prepared a will stating that the client was voiding the will. Appellee argues that if the will is not probated, appellant will take nothing. Appellant points out that each party's position before the trial court was that no factual dispute existed and that each was entitled to summary judgment as a matter of law. We find that appellee is attempting to raise a new factual issue for the first time on appeal and it comes too late. *Jennings v. Roberts Scott & Co., Inc.*, 113 Ariz. 57, 546 P.2d 343 (1976).

The judgment of the trial court is reversed and the cause is remanded with instructions that summary judgment be entered in favor of appellant.

BIRDSALL, C.J., and HOWARD, J., concur.