(No. 17123.—Decree affirmed.)
ISADORE MISHELSKY, Appellee, *vs.* SARAH CARMAN, Appellant.

*Opinion filed February 18, 1926.*

SPECIFIC PERFORMANCE—*when purchase price need not be tendered by complainant.* The complainant in a suit for specific performance is excused from making an actual tender of the purchase price where the defendant has refused to deliver an abstract of title or title guarantee policy, which was the first thing to be done under the contract, and the bill sets out that the complainant is, and has been at all times, ready and willing to comply with the contract and stands ready to pay the balance of the purchase price, a part of which had been paid down as earnest money.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

JOHN S. CHARONE, for appellant.

LANDFIELD & LEVIN, (I. ARCHER LEVIN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a bill for specific performance of a contract for the conveyance of real estate. Appellee filed a bill against appellant, Sarah Carman, and her husband, Jacob Carman, setting out a contract dated April 27, 1923, for the sale to appellee of certain property known as 1502 South Lawndale avenue, in Chicago, for $18,700. Appellee agreed to pay $6000 cash, assume a mortgage already on the property for $6500, and to execute a part purchase price mortgage in the sum of $6200, payable at the rate of $100 per month for thirty-five months, with the balance, and interest, payable within thirty-six months after the transfer of the property. Appellee paid $500 of the purchase price as earnest money, and he averred in his bill that he was ready, able and willing to comply with the terms of the agreement, and had requested appellant and her husband to carry out their part of the contract but that they had refused to do so. By the contract the vendors were to furnish an abstract showing merchantable title or a guaranty policy, but the bill alleges they refused to do either. On hearing before the master in chancery both appellant and her husband testified that in the month of July, 1923, they offered to appellee an opinion of title from the Chicago Title and Trust Company, but that appellee refused to accept the same. In this they were corroborated by a witness named Siegel. The master filed his report, recommending that the bill be dismissed. While the matter was pending before the chancellor appellee filed a sworn petition for a rehearing, in which it was alleged that after the report of the master was filed Jacob Carman came to the petitioner and confessed that the testimony given by him at the hearing was not true and that he gave such testimony under the complete influence of his wife, who coerced him to so testify by insisting that she would put him out of their home if he did not. An order of re-reference was made to the same master in chan-

cery, who heard further testimony, and reported that on re-reference Carman had testified that a great portion of the testimony he had given was false; that at no time did appellee say that he did not want the property, but, on the contrary, was anxious at all times to have it; that he further testified that the opinion of title by the Chicago Title and Trust Company was not tendered to appellee and that the witness Siegel was not present at any such transaction. The master therefore reported recommending that a decree be entered in accordance with the prayer of the bill, and such decree was entered accordingly.

Appellant contends that since Carman had confessed that he had once testified falsely on the stand his testimony was unworthy of belief, and there was in the record the testimony of both appellant and Siegel against that of appellee as to the matter of tender of the opinion of title and refusal thereof by appellee.

The undisputed facts in the case are, that appellee entered into the contract in question with appellant and her husband, and that appellee paid $500 as earnest money, to be applied on the price. It is not even suggested that the contract is in any way unfair. The only basis for appellant's contention that specific performance should not be granted in this case is her testimony, and that of Siegel, that the opinion of title was tendered to appellee and refused by him, and that therefore appellant and her husband are excused from carrying out the contract. Appellant testified that the opinion of title was tendered appellee between the 1st and 10th of July. The instrument introduced in evidence shows that it is addressed to the attorney for appellant and bears date June 26, 1923. On the hearing there was introduced in evidence notice of appellee, dated July 10, sent by his attorneys to appellant and her attorneys, demanding that the contract be carried out. It is admitted in the record that this notice was received. It was doubtless received not later than the 11th or 12th. It does

not seem reasonable that had the opinion of title been tendered to appellee between the 1st and 10th of July and refused by him, as appellant testified, he would make demand upon appellant to carry out the contract at approximately or near the same date. Appellee had his contract placed on record on May 17, 1923. The testimony of the attorney who acted as counsel for him when making the contract shows numerous conversations with counsel for appellant in which demand for the abstract of title or guaranty policy to the premises was made by appellee's attorney and a promise on the part of appellant's attorney to deliver the same was given. The record fully substantiates the position of appellee in this case, regardless of whether any consideration be given to the testimony of Jacob Carman.

It is contended that in order to secure specific performance of this contract it was necessary to tender the purchase price, and that this was not done. Under the contract the first thing to be done was the presentation of an abstract of title or guaranty policy. This was to be done by appellant or her attorney. As appellant refused to deliver the abstract or guaranty policy, it was not, under such circumstances, necessary for appellee to make a tender of the purchase price, where, as here, the complainant's bill sets out that he is, and has been at all times, ready and willing to comply with the contract and stands ready to pay the balance of the purchase price. Appellee is entitled, under such circumstances, to specific performance, notwithstanding there had been no actual tender of the purchase price. *Meckel* v. *Johnson,* 231 Ill. 540; *Watson* v. *White,* 152 id. 364; *Dulin* v. *Prince,* 124 id. 76; *Schreiber* v. *Menningham,* 73 N. J. Eq. 134; *Campbell* v. *Lombardo,* 153 Ala. 489.

The record fully sustains the findings of the chancellor, and the decree will be affirmed.          *Decree affirmed.*