Francis S. Kosmerl, Appellee, v. Annie Sevin et al.,
Appellants.

Gen. No. 39,403.

Opinion filed May 11, 1938.

TANNENBAUM, POLIKOFF & SCHMIDT, of Chicago, for
appellants.

Isaac K. Goodman, of Chicago, for appellee.

Mr. Presiding Justice Hebel delivered the opinion of the court.

On Rehearing.

This is an appeal by the defendants from a decree of the circuit court of Cook county, entered on September 22, 1936, upon plaintiff's petition for a review of a decree theretofore entered for error appearing on the face of the record. In the decree entered in this cause and from which this appeal is taken, the court ordered that if the defendants did not pay plaintiff $18,982.50, together with interest thereon from May 11, 1934, certain premises were to be sold by a special commissioner. A sale was had and upon approval of the report of sale and distribution, the court entered a deficiency decree in the sum of $2,063.40 against the defendant Annie Sevin.

The decree which was vacated had been entered on May 11, 1934, on a bill to foreclose a trust deed filed in the circuit court of Cook county on August 31, 1931. This decree directed the dismissal of the bill to foreclose at plaintiff's costs.

Another proceeding, not involved in this appeal because it was dismissed by the same decree from which this appeal is taken, was a complaint to foreclose the identical trust deed and note upon which the earlier bill to foreclose was predicated. This proceeding originally was filed in the superior court of Cook county on May 23, 1934, and later transferred to the circuit court, and there consolidated with the foreclosure suit, over objections of the defendants.

The decree from which this appeal is taken was entered upon the pleadings without the hearing of evidence. To the complaint for review, defendants William M. Tannenbaum, Julius A. Polikoff and John B. Schmidt filed motions, by some of which the legal suffi-

ciency of the plaintiff's bill of review was questioned, and by others certain defenses, which under the Civil Practice Act may be raised by motion to dismiss, were interposed. Defendant Annie Sevin filed identical motions, except a motion to dismiss on the ground that the complaint for review was not filed within the time allowed by law. Motions filed by the other defendants were not allowed. An answer was filed by the defendant Annie Sevin, only, and her answer, on motion of the plaintiff, was stricken for insufficiency. The defendants were thereupon defaulted, and the decree from which this appeal is taken was entered *pro confesso* and without the hearing of further evidence.

The decree recites the filing of the complaint for review, the filing by the defendant Annie Sevin of motions in the nature of demurrers, which were denied by the court, and the filing of an answer by Annie Sevin, which was stricken for insufficiency, and the default of Annie Sevin. It also recites that the defendants William M. Tannenbaum, Julius A. Polikoff and John B. Schmidt filed motions in the nature of demurrers, which were denied, and these defendants having failed to answer were defaulted.

The decree further recites that the court having examined the pleadings and the proceedings involved herein, master's redrafted report and decree in the earlier case and having heard the arguments of counsel in open court and having considered the same, finds: That the parties were properly before the court and that the court had jurisdiction; that all the material allegations of the complaint for review were true, and that Francis S. Kosmerl and Annie Sevin are the same persons who were parties to the foreclosure case, and that the plaintiff paid the costs in the foreclosure suit.

It also appears from the decree that on August 31, 1931, plaintiff filed a bill to foreclose a trust deed securing a note dated July 15, 1930, payable on or before

three years from date, with interest at 6 per cent, evidenced by 6 interest coupons; that coupon No. 1 was paid at maturity; that coupon No. 2, due and payable July 15, 1931, was not paid; and that by reason of the fact that coupon No. 2 was not paid, plaintiff elected to declare the whole principal sum immediately due and payable, and that the trust deed contained a covenant, which is quoted in the decree, relative to the right of acceleration.

That in the foreclosure case the defendants pleaded usury and alleged that they were indebted to the plaintiff in a sum not in excess of $18,982.50; that said foreclosure case was referred to a master, hearings were had therein, and the only defense relied upon by the defendants was usury; that the master rendered a redrafted report, which was filed, and that on May 11, 1934, a decree was entered by the court that by the earlier decree of May 11, 1934, it was established as a fact that interest note No. 2 was due July 15, 1931, but was not paid when due; that thereafter, default occurred which entitled plaintiff to accelerate the due date of the principal note in accordance with the terms of the trust deed, and that the election to accelerate was exercised by filing the bill on August 31, 1931.

That the former decree having established a failure to pay the money due under the terms of the trust deed, the court proceeded to the erroneous conclusion of law that because the defendants were entitled to credits in the accounting, as to the amount due the plaintiff, the terms and provisions of the trust deed relating to acceleration were waived because of usury; that said conclusion was erroneous as the law of this State on usury does not so provide.

That as a matter of fact, prior to the filing of the earlier suit, there was a default under the trust deed, and that as a matter of law, plaintiff had the right to accelerate the maturity and that on August 31, 1931, when the earlier foreclosure was filed, the entire

amount was due by acceleration, and that on May 11, 1934, when the earlier decree was entered, the entire amount was past due by the terms of the note, and that the plaintiff was entitled to a foreclosure for the entire amount less the usury, and that it was error to dismiss the bill.

The court concludes that plaintiff is entitled to have the former decree of May 11, 1934, opened up, modified and amended in accordance with the findings herein; that that part of the decree finding usury and also finding that $18,982.50 is owing to plaintiff should not be disturbed, that that part of the decree finding there was no default under the terms of the trust deed, and that plaintiff has no right to accelerate the maturity of the indebtedness and that plaintiff was not entitled to a foreclosure, and also that part of the decree ordering the dismissal of the bill of complaint, should be opened up, modified and amended.

That since the plaintiff was entitled to the foreclosure as prayed in his bill of complaint, it is ordered, on motion of plaintiff, that part of the consolidated proceeding known as the bill to foreclose, being the case heretofore filed in the superior court and transferred to the circuit court, be and the same is hereby dismissed at plaintiff's costs.

It was further ordered that the part of the former decree entered on May 11, 1934, dismissing the bill to foreclose be vacated and set aside, and the decree was opened up, modified and amended by the entry of a foreclosure decree thereby granted; that in case the defendants do not pay the plaintiff $18,982.50 with interest at 5 per cent from May 11, 1934, certain described property be sold at public auction, and the decree appointed a special commissioner to conduct the sale and to retain certain fees, and to pay the plaintiff the sum of $18,982.50 plus interest. Provision was made for a deficiency decree.

The defendants contend that the Civil Practice Act, now in force, is controlling in the filing of a bill to review the decree heretofore entered by the court before whom the proceeding was had, and that after the expiration of 30 days from the entry thereof, it may not be reviewed by the trial court by a bill of review for error of law apparent, and point to the sections of the Civil Practice Act which the defendants contend are pertinent to the question of whether bills of review for error of law apparent have survived the adoption of the Civil Practice Act. Section 1 provides that the provisions of this act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited. Section 50 (7) provides for setting aside defaults before final judgment, and for setting aside judgments or decrees within 30 days from the entry thereof. Section 72, which is sec. 89 of the Practice Act of 1907, provides for the correction of errors of fact in judicial records and abolishes the writ of error *coram nobis*. Section 74 (1) provides that every order, determination, decision, judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice or appeal, etc. Section 77 (1) provides that appeals shall lie to the Appellate or Supreme Court in cases where any form of review may be allowed by law, to revise the final judgments, orders or decrees of the circuit courts, etc. Section 92 (3), subd. a, provides that any error of law affecting the judgment, decree or order appealed from may be brought up for review in any civil case. Section 76 (Limitation of review—Perfection of appeal) [Ill. Rev. Stat. 1937, ch. 110, § 200; Jones Ill. Stats. Ann. 104.076] provides:

"(1) No appeal shall be taken to the Supreme or Appellate Court after the expiration of ninety days from the entry of the order, decree, judgment or other

determination complained of; but, notice of appeal may be filed after the expiration of said ninety days, and within the period of one year, by order of the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence. Where an appeal is perfected or allowed more than thirty days after the entry of any order, decree, judgment or other determination in any action, (or when an appeal is perfected within said 30 days, and no supersedeas bond is filed within said 30 days, or within such further extended time as the trial court shall have allowed within such thirty days, as provided in section 82 of this Act,) the reversal or modification of such order, decree, judgment or other determination shall not affect the right, title or interest in or to any real or personal property of any person, not a party to such action, acquired after the entry of such order, decree, judgment or other determination but before such appeal operates as a supersedeas under the provisions of this Act; nor shall such reversal or modification affect any right of any person not a party to such action under or by virtue of any certificate of sale issued before such appeal operates as a supersedeas, pursuant to a sale based on such order, decree, judgment or other determination. Where the appellant was an infant or *non compos mentis,* or under duress at the time of such entry, the period of disability shall be excluded from the computation of the said periods of limitation; but such exclusion shall not apply to, nor affect rights acquired in any such property or certificate of sale, as in this section hereinbefore set forth, before such appeal operates as a supersedeas, when the appeal is perfected or allowed more than thirty days after the entry of such order, decree, judgment or other determination.''

In support of their contention the defendants cite a decision of the Appellate Court, this district, entitled *Trust Company of Chicago v. Iroquois Auto Ins. Underwriters, Inc.*, 285 Ill. App. 317, where the court said in part: "The specific purpose of the Civil Practice Act was to provide for an appeal which was to be a substitute for the appeal and writ of error theretofore provided, and which in all cases was to be a *continuation* of the proceeding below." And further contend that in order to properly present a matter such as we have before us here on appeal, it is either necessary to file a bill of review within 30 days, or, after leave is granted, within one year after the decree is entered.

It is well to have in mind that under the old Practice Act it was necessary that a bill of review be filed within two years from the date the decree was entered, that is in cases wherein the limitation for filing a bill of review was held analogous to the limitation for the suing out of a writ of error or appeal. It has been held that a bill of review is in effect the institution of a new suit, and that summons is necessary so as to make the defendants named parties before the court. That much is admitted by the defendants, who agree that the bill of review is in the nature of a new suit, but they earnestly insist that the only means for the filing of such a suit is that afforded by the Civil Practice Act, which provides for appeals from decrees and judgments, and that the suit is therefore limited to the 30-day period after the entry of the decree, or to within one year, upon leave being granted by the court, from the date of the entry of the decree. It must be borne in mind, however, that the section governing appeals provides that an appeal is but a continuation of the original suit. The theory that a bill of review when filed constitutes a new suit is inconsistent with this provision. The Civil Practice Act does provide that the suit may be instituted and that summons issue

to bring the defendants named in the proceeding properly before the court.

There is no serious question here except as to the time for filing the complaint for review. The defendants admit it has been held in numerous cases decided prior to the adoption of the Civil Practice Act, that a bill of review for errors apparent may be filed within the time allowed for the suing out of a writ of error, but contend that the bill of review was not filed within the time allowed by law, that is, the time allowed by the statute regarding appeals from judgments under the Civil Practice Act, and point to section 76 of the Act, which provides that no appeals shall be taken after the expiration of 90 days from the entry of the judgment or decree, but notice of appeal may be filed after the expiration of 90 days and within the period of one year by order of the reviewing court upon motion and notice. The defendants admit that an appeal may be taken without leave within 90 days from the date of the judgment or decree, but after the expiration of that time, within one year by order of the reviewing court.

In this case it appears that the decree was signed and filed on May 11, 1934, and the bill of review was filed on May 7, 1935; that an amendment to the complaint, which introduced new matter, occurring subsequent to the filing of the complaint, and which therefor was supplemental thereto, was not filed until June 17, 1935. It is true that the bill of review was not filed within 90 days from May 11, 1934, the date when the decree was signed, but it was filed on May 7, 1935, which was within one year from May 11, 1934, when the decree was actually signed, so that the only question raised on this point is that while the bill of review was filed within one year from the date the decree was signed, still under the statute it was necessary to obtain leave of court to file such bill of review for error apparent on the face of the record. Under the pro-

visions which prevailed prior to the taking effect of the new Civil Practice Act, and which had been followed in numerous cases, a bill of review for error apparent on the face of the record or to impeach a decree for fraud could be filed without leave of court. This rule was followed in *Harrigan v. County of Peoria,* 262 Ill. 36, and in *Farwell v. Great Western Tel. Co.,* 161 Ill. 522. In the latter case it was held that an original bill in the nature of a bill of review to impeach for fraud certain orders and decrees in pending cases may be entertained where the facts warrant it, and may be filed without leave of court first had. The same rule was followed in *Adamski v. Wieczorek,* 170 Ill. 373. Under the new Civil Practice Act if a party is desirous of filing an appeal after the expiration of 90 days from the date of the entry of judgment or decree, he is privileged to do so within one year upon the terms fixed by the court, but in our opinion this rule would not apply to the right to file a bill of review as a matter of right, such as was filed in this case, and our conclusion is that in this case the bill was filed in apt time and was properly before the court at the time the decree was entered.

The defendants earnestly suggest that the complaint for review does not establish errors of law apparent on the face of the decree sought to be reviewed. It appears from the decree in the instant case that upon the conclusion of the defense and the deduction for the amount alleged to have been paid as usurious, the court after accrediting payments made by the defendants upon the note in question, found in the original decree of May 11, 1934 that there was due under the terms of the trust deed the sum of $18,982.50, and in this proceeding now here on appeal the court allowed interest at the rate of 5 per cent on this amount from May 11, 1934.

The rule is well settled that where usury is a defense and the defense is established, the court will deduct

from the principal due the usurious amount paid, and enter judgment or decree for the remainder after such deduction. The note in question by its terms became due on July 15, 1933, and when the decree was entered on May 11, 1934, the note was 10 months past due, and the defendants concede that when the court entered the decree on May 11, 1934, determining the rights of the parties as of that date, the court could have entered a decree for the amount due. *Greengard v. Katz,* 270 Ill. App. 227; *Baker v. Salzenstein,* 314 Ill. 226. In the latter case the court said:

"While in a suit at law the rights of the parties are determined as of the time of the beginning of the suit, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree in equity it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation but at the time the decree is entered therein. (*Superior Oil and Gas Co. v. Mehlin,* 108 Pac. 545; *Randell v. Brown,* 43 U. S. 405; *Peck v. Goodberlett,* 100 N. Y. 180; 10 R. C. L. 559.) The decree in this case was entered April 17, 1922. By the contract in evidence a payment of $3,000, with interest upon deferred payments, amounting to $1625, became due March 1, 1922, which payment had not been made at the time of the rendition of the decree.

"It is the doctrine of equity that where there is any ground of equity jurisdiction, a court of equity having acquired equitable jurisdiction to grant equitable relief will retain the case to do complete justice between the parties. (*Miller v. Rowan,* 251 Ill. 344; *McIntyre v. McIntyre,* 287 Ill. 544.)"

As we have already stated, the note matured by its terms on July 15, 1933, and when the decree was entered on May 11, 1934, the note was then 10 months past due. In considering the decree entered by the

court on May 11, 1934, this court is guided by the rule of law stated by the Supreme Court in the case of *Ebert v. Gerding*, 116 Ill. 216. The court said:

"Appellants claim that in some particulars, which it is not necessary here to detail, the findings of the decree complained of are not sustained by the evidence. But in bills of review the question is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court rendering such decree has correctly applied the law to the facts as found by it. (*Evans v. Clement*, 14 Ill. 206.) If the findings of the court upon matters of fact are not supported by the proofs introduced in the case, the remedy is by appeal or writ of error, not by bill of review."

The court on May 11, 1934 entered findings in part as follows:

"The Court further finds and declares that as there had been no default under the trust deed sought to be foreclosed herein, complainant could not accelerate the maturity of the indebtedness secured thereby, and that the note secured by said trust deed was not due on August 31, 1931, when the suit was instituted; and that inasmuch as all payments made upon said loan must be credited upon principal on account of the usury, the amount unpaid thereon is $18,982.50 as shown by the foregoing tabulation; that inasmuch as said note was not due on August 31, 1931, when the suit was instituted, and inasmuch as complainant has taken the position that a decree allowing any deduction for alleged usury would be as unsatisfactory as a dismissal of the suit, and the Court finds that such deductions must be made on account of said usury, the bill should be dismissed, at complainant's costs." And again in its decretal order the court adjudged and decreed:

"That the exceptions of the complainant to the Master's Redrafted Report be and the same are hereby

overruled, and the exceptions of defendant Annie Sevin to the Master's Redrafted Report be and the same are hereby overruled, and that the said Master's Redrafted Report be and the same is hereby in all respects confirmed and approved; that the bill of complaint be and the same is hereby dismissed at complainant's cost.

"It is further ordered, adjudged and decreed that defendant, Annie Sevin, have and recover from the complainant, Francis S. Kosmerl, the costs hereinbefore taxed, in the sum of $148.65, together with the other costs to be taxed by the Clerk of this Court herein, and that execution issue therefor.

"It is further ordered, adjudged and decreed that complainant, Francis S. Kosmerl, pay to George E. Gorman, Master in Chancery, the sum of $250 within five days from date hereof, and the Court retains jurisdiction of this cause for the purpose of enforcing the payment provided for in this paragraph of the decree."

The fact that the plaintiff complains that the finding of the court was unsatisfactory would not justify the court in dismissing the plaintiff's bill at his cost. The court refused during the progress of the hearing to entertain plaintiff's motion for a dismissal of his bill of complaint, which refusal was fully justified by sec. 52, par. 176 of the Practice Act [Ill. Rev. Stat. 1937, ch. 110; Jones Ill. Stats. Ann. 104.052], providing in part as follows: "The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause."

The reason for such refusal, no doubt, was that the court was prepared to enter a final decree.

As previously stated, the court erred in not decreeing that the amount due, $18,982.50, was subject to a foreclosure decree which should have been entered at

that time, and that the court further erred in finding that the note secured by the trust deed was not due on May 11, 1934, when the decree was entered.

Applying the rule that a court of equity once having acquired equitable jurisdiction to grant equitable relief will retain the case to do complete justice between the parties, the rights of the parties are to be determined as of the date of the decree and not as of the date of the institution of the foreclosure suit.

The suggestion is made by the defendants that the plaintiff waived his right to complain by filing his bill of review, for the reason that he had taken the position that a decree allowing any deduction for alleged usury would be as unsatisfactory to him, the plaintiff, as a dismissal of the bill; urged further that the court erred in making the deduction on account of the amount allowed for usury, and then in finding for the reason stated that the bill should be dismissed at plaintiff's cost.

The court erred as a matter of law in entering its decree of May 11, 1934, dismissing the bill of foreclosure at plaintiff's cost, which was final in its terms and in effect a dismissal for want of equity. As previously stated, the court should have entered a decree of foreclosure for $18,982.50, the amount found to be due.

After considering the questions raised upon the petition for rehearing allowed in this court, we have reached the conclusion that the chancellor was fully justified in entering the decree from which the defendants appeal.

The decree is affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN and HALL, JJ., concur.