Jacob R. Darmstadt, Appellee, v. Morris Horwitz et al., Defendants. Morris Horwitz et al., Appellants.

Gen. No. 40,204.

Opinion filed February 1, 1939.

A. HENRY GOLDSTEIN, of Chicago, for appellants; MAX CHILL, of Chicago, of counsel.

RUBENS, FISCHER, MOSSER & BARNUM, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause comes to this court on an appeal from a decree of foreclosure and sale to satisfy an indebtedness of $68,576.18 entered on October 25, 1937, and later modified on December 3, 1937 on the report and supplemental report of the master in chancery. This appeal seeks a reversal of said decree so entered and asks that the complaint be dismissed for want of equity because no cause of action exists in the complainant either as successor trustee or as a bondholder to foreclose the trust deed.

The first default took place on July 7, 1931, at which time a prepayment of $4,000 became due and upon which a partial payment of $2,000 was made. On July 7, 1932, bonds totaling $4,000 fell due and were not paid. Interest due amounting to $1,320 on July 7, 1933, was unpaid.

The trustee named in the trust deed, Cosmopolitan State Bank, went into possession of the premises in 1932, and managed the property through its agent, the Cosmopolitan Bond and Mortgage Company until the closing of the bank by the State auditor which occurred on February 17, 1933. William L. O'Connell was appointed receiver of the Cosmopolitan State Bank and resigned the trust on behalf of the Cosmopolitan State Bank by an instrument in writing bearing date April 12, 1933, and which resignation of trust was filed for record in the recorder's office of Cook county. This resignation was in compliance with the provisions of the statute relating to Banks, being chapter 16a, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 10.01 *et seq.*]. The trust deed sought to be foreclosed contained the provision, as follows:

"The trustee herein or its successor in trust may resign or discharge itself or themselves of and from the trust hereby created by resignation in writing filed in the Recorder's Office of Cook County, Illinois, and in case of the refusal to act of the said Cosmopolitan

State Bank, at any time when its action hereunder may be required by any person entitled thereto, then the Chicago Title and Trust Company shall be and is hereby appointed and made Successor in Trust under this Trust Deed, with identical powers and authority, and the title to said premises shall thereupon become vested in said Successor in Trust for the uses and purposes aforesaid.

"In case of a vacancy in the office of Trustee, a successor or successors may be appointed by holder or holders of the majority in amount of the bonds then outstanding by an instrument in writing duly signed and acknowledged by them, which said instrument shall be recorded in the office of the Recorder of Cook County, Illinois."

Upon the resignation of the Cosmopolitan State Bank, through the receiver, the plaintiff herein, who at that time was secretary of the depository committee which had in its possession some two-thirds of the amount of bonds outstanding, went to the Chicago Title and Trust Company to take up the question as to whether or not it would, as successor in trust, take possession of the property. The Chicago Title and Trust Company refused.

On April 13, 1933, Carl Borak was appointed successor-trustee by an instrument in writing executed by the bondholders' committee, which committee as before stated represented the owners of a majority of the bonds outstanding, in accordance with the provisions of the trust deed. Borak went into possession of the property and operated it for a short time and thereafter resigned as successor in trust by an instrument in writing bearing acknowledgment date of April 13, 1933, which apparently was accepted by the committee July 24, 1933.

On the same date Jacob R. Darmstadt was appointed successor in trust by the bondholders' committee and

went into possession of the property, at which time there was on deposit $35,500 in principal bonds, out of a total of $50,000 in outstanding bonds. Mr. Darmstadt was not a member of the bondholders' committee but was the depositary.

The defendant Morris Horwitz, who was the owner of the equity which he had purchased subsequent to the making of the said trust deed, was not liable on said bonds.

Suit was commenced on December 29, 1934, to foreclose the mortgage.

Thereafter on January 29, 1935, the Chicago Title and Trust Company supplemented its oral refusal to act as trustee and executed the following instrument:

"KNOW ALL MEN BY THESE PRESENTS, That

"WHEREAS, Cosmopolitan State Bank, an Illinois corporation, has resigned as Trustee under a certain Trust indenture between Fannie Mitchell, et mar. and Cosmopolitan State Bank, Trustee, dated July 7, 1924, recorded in the office of the Recorder of Deeds of Cook County, Illinois, as Document Number 8507308; and

"WHEREAS, Chicago Title and Trust Company, an Illinois corporation, is named as successor in trust to the Trustee in said Trust Indenture; and

"WHEREAS, the Chicago Title and Trust Company has on and since the date of such resignation refused to act as such Trustee, and desires now to confirm such refusal to act;

"Now, THEREFORE, the said Chicago Title and Trust Company hereby elects to and does hereby decline and refuse to act as such Trustee, under said Trust Indenture and hereby releases all the estate, right, title and interest which it may have acquired under, through or by said Trust Indenture to act as Trustee thereunder.

"IN WITNESS WHEREOF, the said Chicago Title and Trust Company has caused this instrument to be executed in its name and behalf by one of its Vice Presidents and its corporate seal to be hereunto affixed and

attested to by one of its Assistant Secretaries, this 29th day of January, 1935.

"Chicago Title & Trust Company,
By M. M. Durkin, Vice President.
"(Seal)
Attest:
E. Traeger, Asst. Secretary."

The points under discussion seem to be with regard to the definitions of the terms "resignation" and "refusal to act." No question is raised as to the property interest involved. Proper accountings and settlements have all been made and the amount due and owing is not contested.

We take it to be the law that where an express trust is created without the consent of the trustee, some indication must come from the trustee either actually or by implication of his acceptance of the trust before it can be held that he is a trustee *de facto.*

In Perry on Trusts, vol. 1, 6th ed. sec. 259, the author states:

"In voluntary or express trusts, no title vests in the proposed trustee, by whatever instrument it is attempted to be transferred unless he expressly or by implication accepts the office, or in some way assumes its duties and liabilities." This doctrine was approved by our Supreme Court in the case of *McFall v. Kirkpatrick,* 236 Ill. 281, where the court cited section 259 which we have quoted above, and further stated:

"In an expressed trust no title vests in the trustee unless he expressly or by implication accepts the trust or in some way assumes its duties and liabilities."

Manifestly the Chicago Title and Trust Company could not be forced to accept this trusteeship or be considered as holding title to the said property without some evidence of its consent having been given. We think the entire contention of plaintiff can be summed up by his statement in substance, as follows: "At the

time of the filing of the complaint in this case no cause of action has existed in favor of the complainant. The subsequent resignation of the duly authorized successor-trustee can not give vitality to a bill when no cause of action originally exists in the complainant bringing the suit." Such statement might challenge our attention if this were a suit at common law but, on the contrary, this is a suit in equity wherein the same rule does not appertain as at common law.

The rule in equity is that the court shall determine what the rights of the parties are not at the time of filing suit, but at the time the decree is entered, according to equity and good conscience. In passing on this question the Supreme Court in the case of *Baker v. Salzenstein,* 314 Ill. 226, at page 233, said:

"While in a suit at law the rights of the parties are determined as of the time of the beginning of the suit, a decree in chancery is a determination of the rights of the parties to a suit according to equity and good conscience, and where relief is granted by a decree in equity it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation but at the time the decree is entered therein."

As contended by defendant, even if plaintiff's position were legally sound, which it is not, we do not see the advantage of remanding this cause merely for the sake of having plaintiff go through the technical form of reappointment. The money is still owing, defendants have no liability on the bonds nor can a deficiency decree be taken against them. They have a right to pay the debt or redeem from foreclosure, if they so desire. They do not say how they are in any way injured by the decree in this case, and for the reasons herein given the decree of the circuit court is hereby affirmed.

*Decree affirmed.*

HALL, P. J., and HEBEL, J., concur.