(No. 33144.— )
John P. Moehling, Jr., *et al.,* Appellees, *vs.* Stanley R. Pierce, Appellant.

*Opinion filed September 23, 1954.*

WILHARTZ & HIRSCH, of Chicago, (SAMUEL E. HIRSCH, JACK A. DIAMOND, and WARREN KRINSKY, of counsel,) for appellant.

A. F. WILD, of Chicago, (CARL N. HOWIG, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

Appellees instituted suit in chancery in the circuit court of Cook County for specific performance to compel conveyance, for roadway purposes only, of a certain strip of land owned by appellant. Upon issue being joined, the case was referred to a master in chancery to take proofs and report his findings and conclusions. In his report, the master recommended that a decree for specfic performance be entered in accordance with the prayers of the complaint. The report was amended in minor respects to incorporate certain corrections suggested by the appellees, and the objections of the appellant to the master's report were overruled and allowed to stand as exceptions thereto. The court approved and confirmed the master's report as amended, overruled the appellant's exceptions and entered a decree for specific performance as prayed. The appellant has taken this appeal.

In July, 1949, appellee John P. Moehling, Jr., entered into a real-estate sale contract with the appellant, Stanley R. Pierce, by the terms of which appellee agreed to sell to appellant a certain parcel of land consisting of approximately five acres for a consideration of $5200. In the contract it was provided as follows: "The grantors reserve the right and option, to be exercised at any time within five (5) years from and after the date hereof to purchase for the price of Four Hundred Thirty-Five Dollars ($435.00) for use for roadway purposes and for no other use whatsoever the south 50 feet of the parcel of land hereby conveyed." Subsequently on September 8, 1949, a warranty deed was executed pursuant to said contract in which the identical provision was made. Appellant then entered into possession of the property conveyed to him. In December, 1950, appellee Moehling conveyed the property immediately to the east and to the west of the Pierce property to Louis M. Munao and his wife and at the same time granted unto them the right and option reserved to himself. Thereafter in March, 1951, Munao and wife conveyed the premises purchased by them to the Pioneer Trust and Savings Bank, as trustee, under a trust agreement. In and by the deed in trust, appellees Munao and wife assigned their interest in the option to the bank, as trustee, reserving in themselves the right to use the land in question for roadway purposes if the option were exercised.

The original complaint in this action was filed on October 11, 1951, by John P. Moehling, Jr., as plaintiff, setting forth that the appellant, Stanley R. Pierce, granted an option to him to purchase, for roadway purposes only, the south 50 feet of the property described in the conveyance to appellant on September 8, 1949; that appellee Moehling had exercised the option and had tendered to Pierce the sum of $435 but that the appellant had refused to convey the said south 50 feet. His complaint prayed

that Pierce be ordered to deliver a deed of conveyance, for roadway purposes and for no other use, of the property named in the option. By amendment to his complaint the appellee included therein the contract of July, 1949. Appellant, Pierce, filed his answer in which he did not attempt to admit or deny the allegations of the amended complaint but stated affirmatively that there was no road across property contiguous to his property, and, therefore, the south 50 feet of land mentioned in the right and option reserved by the appellee could not be used for roadway purposes. He further answered stating that appellee had not delivered to defendant any plat, plans or sketches showing the use of the property for roadway purposes and that appellee merely intended to use the property to convey machinery across appellant's property. He also alleged that it was the intention of the parties to use the south 50 feet of appellant's property for a roadway connecting a road to be constructed on property contiguous to appellant's property. The cause was then referred to a master in chancery.

During the taking of testimony it developed that Moehling had conveyed his interest in the right and option reserved by him to Munao, whereupon an amended complaint was filed to add Munao and his wife as parties plaintiff. The hearings before the master resumed to a conclusion. It was stipulated in the first hearing that the appellee Moehling had tendered the sum of $435 to the appellant, which was refused. Following the amendment to include Munao and wife as parties, another tender was made to appellant to purchase the subject property, which was also refused. After proofs were closed before the master, a subsequent amended complaint was filed which joined the Pioneer Trust and Savings Bank as an additional party plaintiff. Appellant's answer to the first amended complaint was allowed to stand as his answer to the last amended complaint. Leave was granted to reopen proofs in order to permit the bank to make a tender of the purchase price

to appellant, Pierce. The tender was made on behalf of all appellees and was categorically rejected. Thereafter the decree ordering specific performance was entered.

Appellant has taken this appeal on the theory that at the time the holder of the option in question, the Pioneer Trust and Savings Bank, was made a party plaintiff to this action the option had never been exercised by the bank and, therefore, there was no completed contract between the parties which could be specifically enforced. In support of this contention, he cites from *Durfee House Furnishing Co.* v. *Great Atlantic & Pacific Tea Co.* 100 Vt. 204, 136 Atl. 379, (1927) in which that court stated: "An option is an agreement, by which one binds himself to sell and convey to another party certain property at a stipulated price within a designated time leaving it in the discretion of such other party to take and pay for the property [citing cases]. Although usually described as a contract it is evident that it is not such until accepted by the optionee, for, until that time it is only a continuing offer to sell and convey at the price and upon the conditions therein specified." The Vermont court further stated at page 208: "It has some times been assumed that an option is an offer to make a bilateral contract, and that the acceptance completes such contract, but the late Professor C. C. Langdell (18 Harv. L. Rev. 1, 11) points out that an option is a conditional unilateral contract and that acceptance is the performance of the condition pure and simple. However, it does not matter which theory is adopted; the result is the same. There is no completed contract for the sale of the property until the optionee has accepted the offer according to its terms, or to put it otherwise, has performed the condition contained in the offer. [Citing cases.] Then and then only can the contract be specifically enforced. Hayes v. O'Brien, 149 Ill. 403 * * *"

It is admittedly a proposition of law that an option contract does not become a contract for the sale of property until the holder of the option has exercised the same in strict conformity with the conditions therein prescribed. The option in this case differs from the usual type in which a contract is made by an owner of real estate with an optionee to purchase upon stated terms and conditions. Here, an option to repurchase was reserved by the grantor in a deed of conveyance; however, when the option is exercised, the result would be the same.

Appellees argue that an actual tender of the purchase money by the Pioneer Trust and Savings Bank was unnecessary since Pierce had already evidenced his intention to refuse to carry out his agreement by refusing the tenders made by the appellees Moehling and Munao. It is unquestionably the law that where a party to a contract for the sale of real estate has openly refused to perform his part of the agreement or has declared his intention not to perform in any event, an actual tender by the plaintiff before suit for specific performance is brought is unnecessary. It is sufficient if tender is made in the pleadings and it is shown that the plaintiff is then ready, willing and able to perform his part of the agreement. (*Mishelsky* v. *Carman,* 320 Ill. 123; *Neidhardt* v. *Frank,* 325 Ill. 596; *Elmore Real Estate Improvement Co.* v. *Olson,* 332 Ill. App. 475; *Fleming* v. *O'Donohue,* 306 Ill. 595.) A seller cannot defeat specfic performance by reason of his own default. (*Singer* v. *Murphy,* 338 Ill. 620.) Nor does the law require the doing of a useless act. (*Greengard* v. *Bernstein,* 343 Ill. 416; *Kopeyka* v. *Woodstrom,* 305 Ill. 69; *Kennedy* v. *Neil,* 333 Ill. 629.) If it can be said, however, that the appellant, Pierce, was not in default on his agreement until tender had been made by the holder of the option, then the above cases have no application to the instant case.

Even though we may adopt appellant's theory that at the time the third amended complaint was filed no tender was made and there was no contract then in existence, a sufficient offer and willingness to perform was proffered during the hearings before the master so as to sustain a decree for specific performance based upon a contract. It is sufficient in equity that the appellees are entitled to a decree according to the circumstances and the nature of the case as they exist at the time the decree is entered. In the case of *Baker* v. *Salzenstein*, 314 Ill. 226, this court said: "While in a suit at law the rights of the parties are determined as of the time of the beginning of the suit, a decree in chancery is a determination of the rights of the parties to the suit according to equity and good conscience, and where relief is granted by a decree in equity it is such as the nature of the case, the law and the facts demand, not at the time of the inception of the litigation but at the time the decree is entered therein."

Under the prior decisions of this court, the argument of the appellant that no contract existed at the time of commencement of the action which could be specifically enforced was obviated by reason of the fact that an offer was made and rejected during the course of the taking of testimony which then placed appellant in a position of default on his agreement. No question is raised as to the sufficiency of the tender then made, nor as to the consideration for the option. We see no advantage to be gained by remanding this cause merely for the sake of requiring appellees to submit a formal tender, since they were ready and willing to perform at the time of entry of a decree. *Darmstadt* v. *Horwitz*, 298 Ill. App. 523.

Appellant also contends that when he granted the option for the south 50 feet of his land for roadway purposes said road was to be connected and become a part of a road to be built on the land east and west of the appellant's property and was not granted for the purpose of enabling

appellees to transport farm machinery across appellant's land. The appellant offered no affirmative proof on his own behalf before the master in chancery as to this point and does not now specify wherein the testimony was insufficient to support the master's findings. The testimony showed that at the time of the sale to appellant there was some discussion of possible subdivision of adjacent lands but that at the time of the sale the property on both sides of the land sold to appellant was farm land. Appellee Moehling testified that but for the option the sale would not have been made to appellant, for it was the desire of his family to have access to the south 50 feet for roadway purposes both for the purpose of maintaining the farm as a unit and for possible future subdivision purposes. There was no abuse of discretion on the part of the master in his findings and recommendations. The decree of the circuit court of Cook County is, therefore, affirmed.

*Decree affirmed.*