Daniel G. Albert, J.
This is an action to foreclose a mortgage held by the plaintiff on the property of the defendants located at 1000 Sunrise Highway, in the Village of Massapequa, County of Nassau and State of New York. It was undisputed upon the trial of this action, that the corporate defendant, Housewares Super Mart, Inc., did not make a timely tender of the June, 196-2 payment of principal and interest upon the mortgage which had shortly prior thereto (on or about March 5, 1962) been assigned by the original mortgagee, Charles A. Woehning, to the plaintiff, Cyril J. Shapiro. The said mortgage was purchased by the plaintiff at a discount. The mortgage had been obtained on or about October 26,1954, in the sum of $75,000, and payments had been regularly made by the defendant through the month of May, 1962. At the time the mortgage was assigned to the plaintiff it had a principal balance remaining in the sum of $37,179.89. Payment of the amount in default was made by the defendant corporation on July 13, 1962, which payment was accepted by the plaintiff without waiver of his rights under his election to accelerate.
The proof on the trial showed that a check for the June, 1962 payment had been prepared and signed prior to the date when it was due. The check was placed in an envelope for mailing and subsequently misplaced. The checkbook of the defendant, Housewares Super Mart, Inc., consequently showed payment when payment had not actually been completed. The defendant, through a clerical error, was thus lulled into a false sense of security in believing that the June, 1962 mortgage payment had been made.
The discovery of the inadvertence and the attempt to effectuate the said payment was made within a very short period of time, to wit: one month and eight days after the due date.
The breach in this action is de minimis in character and was quickly cured without prejudice to the plaintiff mortgagee. An action to foreclose a mortgage is addressed to a Court of Equity, which must determine the rights of the parties to the suit accord *109 ing to equity and good conscience. The rights are determined on the facts as they exist at the time of the decree and not at the inception of the suit. (Blomgren v. Tinton 763 Corp., 18 A D 2d 979; 19 Am. Jur., Equity § 411, p. 283; Barker v. Salzenstein, 314 Ill. 226; Kosmerl v. Sevin, 295 Ill. App. 345.)
From all of the evidence adduced upon the trial of this action, it is the opinion of this court that the conduct of the plaintiff mortgagee, in pouncing upon the defendant’s one and only default by exercising his option to accelerate on the day immediately following the termination of the 10-day grace period and thereafter categorically denying defendant any possibility of being relieved of its default was ‘ ‘ unjustly burdensome, harsh or merciless.” (Domus Realty Corp. v. 3440 Realty Co., 179 Misc. 749, affd. 266 App. Div. 725.) The fact that the corporate defendant improved the mortgaged property in the period from 1961-1962 by building an addition to the property costing approximately $300,000 cannot be overlooked by a Court of Equity as motivation for the plaintiff to conduct himself toward the defendant in such an unjust, burdensome, harsh and merciless manner. When an unblemished history of continuous payment, followed by a single default brought about not willfully but by error, with the error quickly cured upon discovery without prejudice to the plaintiff, is weighed in the scales of justice against a discount mortgage-purchase of vastly improved property being skyrocketed to a financial bonanza by a technical default, a Court of Equity should not grant foreclosure. Accordingly, the complaint is dismissed. In view of this decision, the court need not consider defendant’s motion to dismiss plaintiff’s complaint for failure to have the complaint properly verified.